THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE SGRO, PLAINTIFF IN ERROR.

Submitted October 30, 1931—Decided February 1, 1932.

For the plaintiff in error, *J. Victor D'Aloia.*

For the defendant in error, *Joseph L. Smith,* prosecutor of the pleas, and *Joseph E. Conlon,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

KAYS, J.  The plaintiff in error was tried before the Essex County Court of Oyer and Terminer upon an indictment charging him with murder.  The trial was heard before Daniel J. Brennan, judge of the Court of Common Pleas. The jury rendered a verdict of guilty of murder in the second degree with the recommendation of mercy.  The court sentenced the defendant to fifteen years imprisonment at hard labor in the New Jersey state prison.  A writ of error was taken under the one hundred and thirty-fifth and one hundred and thirty-sixth sections of the Criminal Procedure act.

The defendant was charged with killing one Louis Balducci who apparently was a bootlegger.  The shooting took place on September 12th, 1930, at about ten-thirty in the morning on Seventh avenue, in the city of Newark, about

opposite the store of one Harry Mayer. Deceased was removed to a city hospital and about four and a half months later died. The direct cause of his death, according to the testimony of Dr. Martland, was a bullet wound received at the aforesaid time.

The evidence shows that the defendant and the decedent had been acquaintances for several years; that the deceased owed the defendant about $200 which the defendant had attempted to collect on several occasions without success. The proofs also showed that at the time of the shooting the defendant, while driving his Nash sedan along Seventh avenue, Newark, saw the deceased in Mayer's store and called him out after stopping his own car on the opposite side of the street. The evidence further shows that the deceased walked across the street to the side of defendant's car and stood at the left side of the car conversing in loud tones with the defendant, and that after such conversation, or argument, the deceased turned and walked back toward the store and was shot down just as he reached the sidewalk. There was no direct evidence by any witness as to the proof who fired the shots. There was, however, circumstantial evidence that the shooting came from the defendant who was in the automobile and that such shooting caused the death of the decedent.

The first ground of reversal is that, "the trial court erroneously permitted the prosecutor to make a statement, in his opening to the jury, which was prejudicial to the defendant." The statement was as follows: "* * * at the end of the case I am going to ask you * * * to bring in a verdict for the extreme penalty, not only as a punishment to him, but as an example to others." It is contended that the last few words, "as an example to others," were improper and without justification and were injurious to such an extent to the defendant as to justify the court in reversing the conviction. It appears from the record of the case that counsel for the defendant asked for an exception to the statement. He did not request the court to direct a mistrial or to instruct the jury to disregard the statement. The statement by the

prosecutor was justified for the reason that the punishment of a criminal is not only intended as a punishment to such criminal but also as a warning to others for the benefit of society. However, even though it was improper, the mere taking of an exception to a statement by the prosecutor affords no ground for reversal.

The next point raised is that, "the court erroneously permitted the prosecutor of the pleas to plead surprise thereby allowing the state to use an alleged prior self-contradictory statement of a state's witness, Gabriel Contaldi, as evidence against the defendant." This witness, Contaldi, gave testimony on behalf of the state while on the witness stand which was contradictory to an earlier statement made to the officers of the state prior to the trial. The earlier contradictory statement was offered for the purpose of neutralizing the testimony given by the witness while being examined by the prosecutor. This prior statement was admissible for such purpose. In the case of *State* v. *D'Adame,* 84 *N. J. L.* 386, it was held, that where a party is "surprised" by adverse testimony of a witness called by him, the trial court may in the exercise of its sound discretion permit such party to offer proof of self-contradictory statements previously made for the purpose of neutralizing the effect of such adverse testimony. The admission of the prior statement made by the witness, Contaldi, was within the discretion of the court to admit it in evidence for the purpose of neutralizing the testimony of that witness. The point raised by the plaintiff in error is without merit.

The next point raised by the plaintiff in error is that the trial court should have directed a verdict of acquittal. It is contended that there was nothing in the statement made by the prosecutor in his opening of the case which tended to show the truth of the charge laid against the defendant in the indictment. We find no merit in this contention. The case of the state was given to the jury in the opening and if proved would have justified the jury in convicting the defendant. A similar motion was made at the close of the case. This motion was also refused by the court. We think

that the refusal was justifiable, as there was abundant testimony, if true, which indicated that the defendant was guilty. Whether the testimony was true and whether the defendant was guilty according to the testimony produced were matters to be determined by the jury and not by the court.

The next point raised by the plaintiff in error is that the trial court refused to charge the following request submitted by counsel for the defendant, "it is the law in this state that the failure of the defendant to take the stand does not of itself give rise to any presumption of guilt." The court charged the jury on this point as follows: "In this case there is no direct evidence connecting the defendant with this crime, and under the law of this state his failure to take the stand creates no presumption of guilt, providing that, if facts are testified to which concern the acts of the defendant which he could by his oath deny, his failure to testify in his own behalf raises a strong presumption that he cannot truthfully deny them." This was an accurate statement of the law upon the point involved and covered the request made. We are, therefore, of the opinion that there was no merit in this contention.

The next point raised by the plaintiff in error is that the trial court permitted the jury to have read to it the testimony of the witness, Russo, sometime after the jury had retired to deliberate upon their verdict. The jury requested the court to have the testimony of this witness read to them and the court granted the request. We are of the opinion that this judicial action was proper and is justified under the decisions of this state. The jury, however, after the reading of Russo's testimony discovered that such testimony was not what they wanted, one of the jurors asked to have the testimony of some other witnesses read relating to the number of cars on Seventh avenue after the shooting. The juror, however, did not indicate whose testimony it was that he or the other members of the jury desired to have read. Such a request placed upon the court, if it had been granted, the examination of the testimony of all the witnesses in the case for the purpose of dis-

covering which witness or witnesses had given testimony on this subject, and then, after making such discovery, to have the testimony read to the jury. We are of the opinion that it is not the duty of the court and that there is no legal obligation resting upon the court to compel the court to undertake such a burden. It might entail the consumption of hours or even days for a court to examine all the testimony offered in a case bearing on some particular point or points and then have such testimony sorted out and read to the jury. We are, therefore, of the opinion that there is no merit in this contention.

The next and last point argued is that the verdict is contrary to the weight of the evidence. The proofs in this case were circumstantial. There was proof that the defendant's car was parked within a few feet of the scene of the shooting; that the deceased and the defendant were talking together in loud tones; that the deceased left the defendant's car and walked away from it toward the opposite side of the street; that two or three shots were fired from the car whereupon the deceased fell to the road or sidewalk on his face, and that the car then was immediately driven away down Seventh avenue; that the car was a dark sedan bearing a license number H4017 according to one witness, and according to the confession of the defendant H41017; that the deceased owed the defendant about $200; that the deceased and defendant had known each other for several years; that the defendant left the place in which he was living immediately after the shooting and did not return until sometime the latter part of October. There was a statement made by Balducci a short time before his death to the effect that the defendant was his friend and did not shoot him. During all the period which the deceased spent in the hospital he had been visited by the wife of the defendant once or twice weekly. It is not for this court to determine, in order to support the verdict in this case, that the testimony shows the guilt of the defendant beyond a reasonable doubt. The function of this court on review is merely to determine whether the verdict is against the weight of the evidence and we are

of the opinion that such verdict was not against the weight of the evidence as produced in this case.

There being no prejudicial error the judgment of the court below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.