BETTY HIGGINS AND JOHN HIGGINS, PLAINTIFFS-APPELLANTS, v. SYLVIA POLK AND ROBERT C. POLK, DEFENDANTS-RESPONDENTS.

Argued January 25, 1954—Decided February 23, 1954.

*Mr. Hugh C. Spernow* argued the cause for the appellants.

*Mr. George F. Losche* argued the cause for the respondents (*Mr. Charles C. Shenier,* attorney).

OLIPHANT, J.   Plaintiffs instituted an action in the Bergen The opinion of the court was delivered by County Court seeking to recover damages suffered by them as the result of an intersectional automobile collision.   The

trial resulted in a verdict for the defendants and judgment was accordingly entered. On appeal to the Appellate Division the judgment below was affirmed, 26 *N. J. Super.* 402. Plaintiffs' unopposed petition for certification was granted by this court, 13 *N. J.* 429.

The single question involved is whether or not the trial court erred in refusing to permit a portion of the testimony of a witness, a police officer, who had been called by the plaintiffs, to be read to the jury after it had retired.

The factual situation was that the jury foreman sent a note to the trial judge which contained the following question: "How many feet west curb of Boulevard did Polk car first impact the Higgins car according to the police officers?" As a result of this the jury was returned to the courtroom and after repeating the question sent to him the judge told the jurors that they would "have to use your best recollection on that." The foreman then said: "We wondered if the Officer, in his testimony, gave you any direct evidence that would spell that out," and the court answered, "No, I don't recall anything." Counsel for the plaintiffs then asked that the officer's testimony be read. There was no objection to this by defendants' counsel except a statement by him that it was an unusual request, whereupon the court said "I feel it is, too. I am afraid you will have to use your own recollection on that." The court further explained to the jury that when he said, "No, I don't recall anything," he did not mean there was no testimony but that he had no recollection of such.

Two points are raised by the appellants: first, that the request for a reading of the testimony was reasonable and that it was therefore error to refuse it, and secondly, that if the requested reading of the testimony be regarded as discretionary an abuse of discretion was committed by the trial court.

■ The settled law of this State is that when a jury requests the reading of the testimony of a witness, and here the request did not come from the jury but from counsel, it is discretionary with the court whether to grant or refuse

the request, *State v. Dragone*, 1 *N. J. Misc.* 84 (*Sup. Ct.* 1923); *State v. Close*, 106 *N. J. L.* 321 (*E. & A.* 1930); *State v. Sgro*, 108 *N. J. L.* 528 (*E. & A.* 1932), and that we believe is the salutary rule. The appellant himself says, "if the prior Jersey cases indicate anything, they indicate that this matter is to be determined by a judge's discretion." No precise fixed rule or standard can be laid down, as the appellant suggests, to govern every case; it must be left to the court to apply his sound discretion to the situation which governed him in that particular case.

There was no abuse of judicial discretion here. Nowhere in the police officer's testimony was there any testimony as to how many feet from the west curb the first impact between the cars occurred. The police officer did not witness the accident and made no attempt to pin-point the first place of impact. He did locate the position of the cars at the time of his arrival at the scene and testified to skid marks of some 60 feet which led to the rear of the Higgins car, but such testimony would not answer the jury's question and his testimony, if given as to when the original impact took place, would have been purely speculative.

Judicial discretion connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court. *Hoffman v. Maloratsky*, 112 *N. J. Eq.* 333 (*E. & A.* 1933); *Hager v. Weber*, 7 *N. J.* 201 (1951). In the latter case Mr. Justice Case in his concurring opinion defined "abuse of [judicial] discretion" as nothing more than the commission of harmful error. There was no such here.

We find no abuse of discretion on the part of the trial judge and the judgment is accordingly affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For reversal*—Justice HEHER—1.