742 A.2d 636 (1999)
327 N.J. Super. 91
STATE of New Jersey
v.
Serge M. JOLICOEUR.
Superior Court of New Jersey, Law Division, Sussex County.
Decided October 14, 1999.
Francis A. Koch, Sussex County Assistant Prosecutor, for the State of New Jersey.
Mary K. Benson, for the defendant.
GRAVES, J.S.C.
This is an appeal from a municipal court conviction for driving with a suspended *637 license. The issue presented is whether the trial judge failed to give the defendant a fair opportunity to apply for court appointed counsel. For the reasons that follow, the defendant's conviction and sentence must be vacated.
On February 11, 1997, Mr. Jolicoeur was issued Summons Number A050722 charging him with a violation of N.J.S.A. 39:3-40, driving while suspended. The summons required Mr. Jolicoeur to appear in court on February 25, 1997. The transcript of court proceedings on that date reflects that the municipal court judge made an opening statement pursuant to the Court Rules. The statement included the following language:
Every defendant has a right to be represented by an attorney. If you are indigent and cannot afford an attorney, the [c]ourt will appoint one for you at no cost to you. In order to be appointed an attorney at no cost, you must be faced with consequences of a serious magnitude, namely the probability of a jail sentence, loss of driver's license, or a substantial fine ... Any defendant can proceed without the benefit of an attorney so long as this [c]ourt is satisfied and there has been a knowing and effective waiver of the right to counsel.
Immediately following this general statement, Mr. Jolicoeur had his first appearance before the court. During this proceeding, the judge personally advised Mr. Jolicoeur of his rights, including the right to be represented by an attorney. The judge also advised "If you are indigent, the court will appoint one for you." Thereafter, the following exchange took place:
THE COURT: Do you wish to be represented by an attorney?
THE DEFENDANT: Yes, Sir.
THE COURT: How do you plead to this charge?
THE DEFENDANT: Not guilty.
THE COURT: Have you spoken with an attorney?
THE DEFENDANT: No, Sir.
THE COURT: Have your attorney send his or her letter of representation.
THE DEFENDANT: I want to apply for one.
THE COURT: Pardon?
THE DEFENDANT: I would like to apply for one.
THE COURT: Well, you'll have to pay a 50-dollar application fee.
THE DEFENDANT: Oh, yeah. I can't. You know, with some document, it will help that, Sir. I don't have it.
THE COURT: You'll have to pay the 50-dollar application fee, Mr. Jolicoeur. Unless you're in jail. I do notI don't waive it for anyone.
THE DEFENDANT: You don't?
THE COURT: No. Unless you're in jail with no visible means of support, incarcerated in the county jail, I don't waive it.
THE DEFENDANT: Even if there is a proof of income, Sir?
THE COURT: Lots and lots of people have difficulty with income. But to get a free attorney, there is an application fee by statute that is paid for me to review the application. I don't make exceptions.
THE DEFENDANT: I'm sorry. I'm sorry to hear that, Sir. But
THE COURT: I am, too, Mr. Jolicoeur, but it's a 50-dollar application fee.
THE DEFENDANT: But this is your jurisdiction. You can waive it if you want to, sir.
THE COURT: Am I not making myself clear, Mr. Jolicoeur?
THE DEFENDANT: I'm sorry.
THE COURT: I waiveI waive the application fee if someone is incarcerated, meaning in jail where they have no ability to go out and work. They're in jail. They can't go anywhere. There is work out there. Are you working?
*638 THE DEFENDANT: Yes, Sir.
THE COURT: Okay. If you weren't working, if there was no work, there's work out there. You're working. You can afford to pay $50 for my review for a free attorney. Do you understand that?
THE DEFENDANT: I understand what you say.
THE COURT: Okay.
THE DEFENDANT: All right.
THE COURT: If you submit a 50-dollar payment, I'll review your application. You submit it by the end of the week and I'll review it.
THE DEFENDANT: All right. Thank you.
THE COURT: Thank you.
Court Rule 1:13-2 applied to the defendant's first appearance hearing. See; R. 1:1-1. Rule 1:13-2 provided then, as it does today:
"Except when otherwise specifically provided by these rules, whenever any person by reason of poverty seeks relief from the payment of any fees provided for by law which are payable to any court ... any court upon the verified application of such person, which application may be filed without fee, may in its discretion order the payment of such fees waived." (emphasis added)
[R. 1:13-2 (1997).]
Thus, Mr. Jolicoeur should have been allowed to submit an indigency application form, and the judge should have evaluated the application without requiring payment of a "review fee".
Court Rule 7:3-2(b) became effective after Mr. Jolicoeur's first appearance. This rule requires that when a defendant "[A]sserts indigency, but does not affirmatively state an intention to proceed without counsel, the court shall order the defendant to complete an appropriate application and other forms prescribed by the Administrative Director of the Courts." R. 7:3-2(b). Thus, Rule 1:13-2 and Rule 7:3-2(b) now prohibit a municipal court judge from demanding payment of an application fee before evaluating a defendant's request for assigned counsel.
Furthermore, at the time of the defendant's first appearance hearing a state statute authorized the municipal court judge to waive an application fee for assigned counsel. N.J.S.A. 2B:12-28.b provided as follows:
A county or municipality may, by ordinance, require a person applying for representation by a municipal public defender to pay an application fee of not more than $50.00. The municipal court may waive any required application fee, in whole or in part, if the court determines, in its discretion, that the application fee represents an unreasonable burden on the person seeking representation.
[N.J.S.A. 2B:12-29.b (1997).]
Subsequently, N.J.S.A. 2B:24-17 replaced N.J.S.A. 2B:12-28.b. The present statute permits a municipality to impose a public defender application fee of no more than $200.00; however, the fee may be waived in appropriate circumstances. N.J.S.A. 2B:24-17. "In accordance with guidelines promulgated by the Supreme Court, the municipal court may waive any required application fee, in whole or in part, only if the court determines, in its discretion, upon a clear and convincing showing by the applicant that the application fee represents an unreasonable burden on the person seeking representation." Ibid. As noted in Higgins v. Polk, 14 N.J. 490, 493, 103 A.2d 1 (1954): "Judicial discretion connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court." By refusing to accept the defendant's application for assigned counsel, absent payment of the application fee, the court failed to properly determine whether the application fee represented an unreasonable financial burden on the defendant.
*639 On June 17, 1997, Mr. Jolicoeur's case was called for trial. Court appointed counsel was present for sentencing on two unrelated matters. Nevertheless, Mr. Jolicoeur proceeded pro se on the driving while suspended charge. During the trial hearsay issues arose as well as a question pertaining to the validity of the motor vehicle stop. The transcript of the trial clearly demonstrates that Mr. Jolicoeur was unable to effectively defend himself. Following his conviction, Mr. Jolicoeur received the maximum sentence; ten days in jail, a $1,000 fine and further suspension of driving privileges for six months.
In Rodriguez v. Rosenblatt, 58 N.J. 281, 277 A.2d 216 (1971), our Supreme Court recognized the inherent problem of an indigent defendant proceeding pro se in a municipal court matter. "If the matter has any complexities the untrained defendant is in no position to defend himself and, even where there are no complexities, his lack of legal representation may place him at a disadvantage." Id. at 295, 277 A.2d 216. The Court then set forth the following mandate: "[A]s a matter of simple justice, no indigent defendant should be subjected to a conviction entailing imprisonment in fact or other consequence of magnitude without first having had due and fair opportunity to have counsel assigned without cost." Ibid.
The mandate of Rodriguez, our court rules, applicable legislation and fundamental fairness dictate that a trial judge must be more than an unyielding revenue officer. When the concern for collecting a fifty dollar application fee is weighed against a defendant's right to counsel and a fair trial, the scales of justice shift dramatically in favor of the defendant. Given the serious nature of the charge, as well as the apparent bona fide indigent status of the defendant, as demonstrated by the appointment of counsel on other charges, there were compelling reasons to carefully evaluate the defendant's request for the appointment of counsel. Unfortunately, the trial judge's preoccupation with the payment of an application fee foreclosed the defendant's opportunity to obtain assigned counsel.
In view of the foregoing, the defendant was not afforded "[A] due and fair opportunity to acquire court appointed counsel at no cost." Rodriguez v. Rosenblatt, supra, 58 N.J. at 295, 277 A.2d 216. Therefore, the conviction and sentence are vacated and the case is remanded to the municipal court for a new trial.