NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2547-13T4

LORI A. WACKER-CIOCCO
and MICHAEL J. CIOCCO,

    Plaintiffs-Respondents,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
d/b/a GEICO,

    Defendant-Appellant.

> **APPROVED FOR PUBLICATION**
>
> **March 16, 2015**
>
> **APPELLATE DIVISION**

_____

Argued September 22, 2014 — Decided March 16, 2015

Before Judges Lihotz, Espinosa and St. John.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-5298-12.

Stephen A. Rudolph argued the cause for appellant (Rudolph & Kayal, attorneys; Mr. Rudolph, on the briefs).

Alexander W. Ross, Jr., argued the cause for respondents (Rakoski & Ross, P.C., attorneys; Mr. Ross, on the brief).

The opinion of the court was delivered by

ESPINOSA, J.A.D.

In Procopio v. Government Employees Insurance Company, 433

N.J. Super. 377 (App. Div. 2013), the plaintiff insured asserted

a claim for underinsured motorist (UIM) benefits and a bad faith claim against his carrier. Although the trial court bifurcated the claims for trial, holding the bad faith claim in abeyance, it compelled discovery to proceed on all claims. We held it was an abuse of discretion for the trial court to order that discovery on both claims proceed simultaneously. In this case, the initial decision to deny the severance motion came after some discovery related to the bad faith claim had been provided and before Procopio was decided. This interlocutory appeal presents the question whether the disclosure of some bad faith-related materials brings the denial of a severance motion and the decision to compel related discovery within the scope of the trial court's proper exercise of discretion. We hold that it does not.

Plaintiff Lori A. Wacker-Ciocco[1] had an automobile insurance policy issued by defendant Government Employees Insurance Company (GEICO) that provided uninsured/underinsured motorist benefits in the amount of $300,000 per accident. She was seriously injured in a motor vehicle accident on April 5, 2011, when she was rear-ended by a vehicle operated by John Laratta, and incurred medical expenses that exceeded $300,000. Laratta's vehicle was insured

---

[1] The complaint also alleged a per quod claim on behalf of Michael J. Ciocco. We use the term plaintiff to refer to Lori A. Walker-Ciocco or to the plaintiffs, collectively.

by a policy that provided coverage of $100,000 per accident. Plaintiff sought and obtained GEICO's permission to settle her claim against Laratta within his policy limits for $99,000. She then notified GEICO of her demands for $200,000 in UIM benefits and for arbitration of her UIM claim.[2]

Plaintiff's complaint, filed in December 2012, asserts a claim for UIM benefits as well as a claim that GEICO acted in bad faith. In support of her bad faith claim, plaintiff alleged that GEICO declined to participate in arbitration, failed to make a reasonable effort to settle the UIM claim and demanded documents unrelated to the UIM claim.

In the relevant motion practice, plaintiff sought to obtain, and then compel, the depositions of GEICO's UIM claims adjusters and documents related to the bad faith claim. GEICO filed motions to sever the bad faith claim and stay discovery on that issue. In July 2013, GEICO submitted claim records to plaintiff's counsel.[3] GEICO simultaneously filed a motion to sever and stay plaintiff's

---

[2] As a result of the settlement, the amount of $100,000 is credited against the policy limit plaintiff can recover from GEICO, reducing the amount at stake to $200,000. See Taddei v. State Farm Indem. Co., 401 N.J. Super. 449, 463-64 (App. Div. 2008), certif. granted, 201 N.J. 497 (2010), appeal dismissed, 203 N.J. 433 (2010).

[3] In its brief, GEICO states the documents included seven letters from GEICO, a prescription form from Reconstructive Orthopedics, and a Control File Alert document, which is an internal document that contains basic information about the claim.

3

bad faith claim and discovery relative to that claim until the underlying UIM action was concluded. In support of its motion, GEICO referred to correspondence previously sent to plaintiff's counsel in which it asserted there was a dispute regarding "causation and quantum of damages that warranted discovery prior to good faith realistic settlement negotiations."[4] To support its claim that causation was a legitimate issue, GEICO quoted the January 30, 2012 report of plaintiff's treating physician, in which he stated, "[a]t this point, I am not certain to the exact etiology of avascular necrosis in the left hip; however it is possible that the accident could have been the cause of her avascular necrosis that then led to the need for subsequent total hip replacement."[5]

---

[4] In its brief, GEICO clarifies that plaintiff's coverage is subject to the verbal threshold, N.J.S.A. 39:6A-8(a), and, therefore, her entitlement to UIM benefits requires proof she suffered a permanent injury that was proximately caused by the accident with Laratta and a jury determination that her damages exceed $100,000. Neither the policy nor the letter referenced are included in the record before us.

[5] GEICO later provided more specific answers to interrogatories in which it stated that, based upon information in plaintiff's medical records and the opinions and conclusions in its expert's report on his independent medical examination, it had concluded that plaintiff's injuries were not causally related to the motor vehicle accident. It stated further that her accident-related injuries were not permanent as to overcome the verbal threshold and that she had been fully compensated.

4

The motion judge looked for guidance in <u>Taddei v. State Farm Indem. Co.</u>, 401 <u>N.J. Super.</u> 449, 455 (App. Div. 2008), <u>certif. granted</u>, 201 <u>N.J.</u> 497 (2010), <u>appeal dismissed</u>, 203 <u>N.J.</u> 433 (2010), which concerned a first party claim for uninsured motorist (UM) benefits by a plaintiff who announced an intention to file a bad faith claim at trial. In <u>Taddei</u>, we were not reviewing whether a motion to sever a bad faith claim should be granted or not. The matter had proceeded to verdict on the insured's UM claim alone and the principal issue before us was whether the insured was entitled to the full amount of damages awarded by the jury or the policy limits on his UM coverage. <u>Id.</u> at 452. Nonetheless, we discussed joinder of a bad faith claim with an underlying claim for coverage[6] and suggested the following:

> To respect the rights of all parties, the underlying claim could be severed from the bad faith claim, with the latter being held in abeyance until conclusion of the former. The severed bad faith claim would then be activated, triggering the possibility for the right to discovery, motions, and, if necessary, a separate trial. In this way, the plaintiff's ability to pursue a potential bad faith claim would be preserved, but the insurer would not be required to produce its claim file prematurely, otherwise, privileged

---

[6] We note the Supreme Court has "refer[red] to the Civil Practice Committee, for review and study the entire controversy doctrine, <u>Rule</u> 4:30A, to consider whether to allow first-party bad faith claims to be asserted and decided after resolution of an underlying, interrelated UM action." <u>Wadeer v. N.J. Mfrs. Ins. Co.</u>, ___ <u>N.J.</u> ___, ___ (2015) (slip op. at 5).

material may be disclosed which would jeopardize the insurance company's defense.

[Id. at 465-66 (internal citations omitted).]

Finding that GEICO had provided such materials in discovery and therefore, "the cat [was] out of the bag," the motion judge here declined to follow our suggestion. By order dated July 26, 2013, he denied GEICO's motion to sever and stay the bad faith claim, compelled the depositions of GEICO's UIM adjusters, and ordered GEICO to "answer interrogatories . . . and provide the full electronic and paper claim file." GEICO's motion for reconsideration was denied by order dated October 25, 2013.

In November 2013, GEICO filed a motion seeking, inter alia, to vacate a May 2013 order that dismissed its answer and suppressed its defenses for failure to provide more specific answers to interrogatories. In support, GEICO represented it had complied with all outstanding discovery demands that were the subject of that order. Plaintiff filed a cross-motion to compel the depositions of GEICO's UIM adjusters. Prior to oral argument of this motion, we decided Procopio which, counsel urged, required the denial of plaintiff's application to compel those depositions.

In Procopio, we noted the benefits of severing and staying a bad faith claim as suggested in Taddei:

[It] promotes judicial economy and efficiency by holding in abeyance expensive, time-consuming, and potentially wasteful discovery

6

on a bad faith claim that may be rendered moot by a favorable ruling for the insurer in the UM or UIM litigation. This procedure also avoids the premature disclosure of arguably privileged materials to the prejudice of the insurer's defense while, at the same time, preserving the insured's pursuit of its bad faith claim.

[Procopio, supra, 433 N.J. Super. at 381.]

We reviewed the reasoning and holding in Bartlett v. John Hancock Mutual Life Insurance Company, 538 A. 2d 997 (R.I. 1988), as well as cases in other jurisdictions that addressed the severance issue in similar cases. Observing "there can be no cause of action for an insurer's bad-faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance," the Rhode Island Supreme Court held:

[A] plaintiff cannot obtain complete discovery of a defendant's claim file by bringing simultaneous breach-of-contract and bad-faith claims. A plaintiff must first show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith.

[Id. at 1000-01 (emphasis added).]

The view that the right to coverage must be established as a prerequisite to proceeding with discovery on a bad faith claim was echoed as well in cases from other jurisdictions that addressed a similar severance issue. See Procopio, supra, 433 N.J. Super. at 382-83. We found this reasoning compelling:

7

> Preserving the insured's ability to pursue his or her bad faith claim while deferring discovery thereon until resolution of the UM or UIM claim best accommodates the varying interests involved.
>
> [Id. at 383.]

We recognized the obvious toll upon judicial economy imposed by allowing simultaneous discovery that would be "rendered needless if the insurer prevails on plaintiff's UM or UIM claim." Ibid. In addition to concerns regarding judicial economy, we noted other relevant considerations, such as the potential prejudice to the insurer's defense of the UM or UIM claim by the disclosure of privileged materials and the risk of encouraging abusive pleading practice:

> Indeed, if an insured attempting to prove the validity of his or her claim against an insurer could obtain the insurer's investigative files — showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did — merely by alleging the insurer acted in bad faith, then there would be an open invitation to all plaintiffs to include such allegations with every breach of contract claim.
>
> [Ibid.]

We concluded, "[w]hatever, therefore, the benefits of simultaneous discovery, they are substantially outweighed by the burdens exacted both institutionally and individually." Id. at 383-84.

8

Another Law Division judge reviewed the November 2013 motion; it was not the judge who denied GEICO's first motion to sever and stay the bad faith claim. Reasoning that the first motion judge found Taddei did not apply because there had been disclosure of the carrier's file and other information, the judge entered an order dated December 6, 2013, that compelled the depositions of the UIM adjusters.

We granted GEICO's request for interlocutory review of the order dated July 26, 2013, that denied defendant's motion to sever and stay plaintiff's bad faith claim and pertinent discovery; the order dated October 25, 2013, which denied GEICO's motion for reconsideration; and the order dated December 6, 2013, which granted plaintiff's motion to compel the depositions of GEICO UIM adjusters. In this appeal, GEICO argues that it was an abuse of discretion to deny its motion for severance and a stay and asks us to vacate these orders and to order that plaintiff's bad faith claim be severed and stayed until such time as plaintiff establishes her entitlement to coverage for UIM benefits.

GEICO's motion for severance was governed by Rule 4:38-2(a), which permits the court to order a separate trial of any claim "for the convenience of the parties or to avoid prejudice." Like the other issues raised by GEICO's motion -- the scope of discovery and the decision whether to grant a stay -- this was a matter

9

within the discretion of the trial court.  See <u>Tobia v. Cooper Med. Ctr.</u>, 136 <u>N.J.</u> 335, 345 (1994) (decision to grant severance rests in the trial court's discretion); <u>Procopio</u>, <u>supra</u>, 433 <u>N.J. Super.</u> at 379-80.[7]  That standard requires us to defer to the trial court's decision "unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law."  <u>Pomerantz Paper Corp. v. New Cmty. Corp.</u>, 207 <u>N.J.</u> 344, 371 (2011).  The nature and requirements of a bad faith claim weigh heavily in the determination of the severance motion here.

As a preliminary matter, the insured who alleges bad faith by the insurer must establish the merits of his or her claim for benefits.  If there is a valid question of coverage, i.e., the claim is "fairly debatable," the insurer bears no liability for bad faith.  <u>Pickett v. Lloyd's</u>, 131 <u>N.J.</u> 457, 473-74 (1993).  This standard continues to apply to bad faith claims.  In <u>Badiali v.</u>

---

[7]  See authorities cited therein regarding discretion to order a stay, including <u>Landis v. N. Am. Co.</u>, 299 <u>U.S.</u> 248, 254-55, 57 <u>S. Ct.</u> 163, 165-66, 81 <u>L. Ed.</u> 153, 158 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); <u>State v. Kobrin Sec.</u>, 221 <u>N.J. Super.</u> 169, 174 (App. Div. 1987), <u>rev'd</u>, 111 <u>N.J.</u> 307 (1988) (authority to stay a proceeding lies within the sound discretion of the trial court), and as to discovery, <u>Pomerantz Paper Corp. v. New Cmty. Corp.</u>, 207 <u>N.J.</u> 344, 371 (2011) (a trial court's decision on discovery matters is reviewed under the abuse of discretion standard).

10

New Jersey Manufacturers Insurance Group, ___ N.J. ___ (2015), the Supreme Court affirmed the applicability of this standard, id. (slip op. at 18), and recited the following principles:

> [T]o establish a first-party bad faith claim for denial of benefits in New Jersey, a plaintiff must show "that no debatable reasons existed for denial of the benefits." [Pickett, supra, 131 N.J.] at 481.
>
> Under the salutary "fairly debatable" standard enunciated in Pickett, "a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for an insurer's bad-faith refusal to pay the claim." Id. at 473.
>
> [Id. (slip op. at 12) (citation omitted).]

See also Wadeer v. N.J. Mfrs. Ins. Co., ___ N.J. ___, ___ (2015) (slip op. at 15-16); Procopio, supra, 433 N.J. Super. at 382-83; Taddei, supra, 401 N.J. Super. at 460-61.[8]  If the insured is

---

[8]  Unlike the Punitive Damages Act, N.J.S.A. 2A:15-5.9 to -17, there is no statutory mandate for the bifurcation of the substantive and bad faith claims.  However, the caselaw regarding bad faith claims reflects a policy similar to that evident in N.J.S.A. 2A:15-5.12(a), which provides:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.  This burden of proof may not

11

unable to establish a right to the coverage claimed, the bad faith claim must be dismissed.  Pickett, supra, 131 N.J. at 473.  See also, Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 482 n.12 (App. Div.) (noting that, where insured failed to establish the existence of a covered loss, its bad faith claim was not sustainable and need not be addressed), certif. denied, 212 N.J. 198 (2012); Am. Wrecking Corp. v. Burlington Ins. Co., 400 N.J. Super. 276, 285 n.2 (App. Div. 2008) (stating because the court sustained the exclusion on which the insurer relied, "the bad faith claim must also be dismissed with prejudice"); Universal-Rundle Corp. v. Commercial Union Ins. Co., 319 N.J. Super. 223, 249-51 (App. Div.) (applying the holding in Pickett to claim for bad faith failure to conduct thorough investigation), certif. denied, 161 N.J. 149 (1999).

Bad faith is an intentional tort.  Pickett, supra, 131 N.J. at 473.  To establish bad faith, a plaintiff must show the lack of a reasonable basis for denying the claim or unreasonably delaying its processing, and the insurer's knowledge or reckless disregard that it was acting unreasonably.  Id. at 473-74.  This claim cannot be sustained by evidence of negligence, mistake or delay in payment without some showing of the insurer's wrongful

---

be satisfied by proof of any degree of negligence including gross negligence.

12

intent. Id. at 474; e.g., Badiali, supra, __ N.J. at __ (slip op. at 24) (holding that rejection of arbitration award not bad faith where carrier's position "was at least fairly debatable and based on a reasonable and principled reading of its policy language"); see also Universal-Rundle Corp., supra, 319 N.J. Super. at 249 ("While [the insurer's] decision as such was erroneous, that is not the equivalent of bad faith.").

Plaintiff argues that her bad faith claim is an integral part of her UIM claim and should not be severed. She notes that GEICO gave no reason for failing to pay her UIM claim before suit was filed and that the claims file it has produced in discovery reveals no valid reason for failing to effectuate prompt payment and settlement of her UIM claim. She argues that Procopio is distinguishable because the motion to sever in that case was made before any discovery relating to the bad faith claim was provided, while in this case, proof of her bad faith claim has already been revealed in the information in GEICO's file produced in discovery.

GEICO argues that the application of Procopio does not turn on whether or not some bad faith-related discovery has been provided and further, that such discovery is not complete here because it has not turned over all its claim files. We agree and conclude that the denial of GEICO's motion to sever and stay and

13

the orders compelling discovery pertaining to the bad faith claim were based upon a mistaken understanding of the applicable law.

In this case, plaintiff pled both her UIM and bad faith claims in her complaint, as was her right. She has argued here that GEICO failed to show a reasonable basis for its actions in failing to settle her UIM claim in a timely manner. But even her conclusory statements fail to establish wrongful intent, as opposed to mere negligence or mistake. See Pickett, supra, 131 N.J. at 474.

In Procopio, we clearly endorsed the principle that proof an insured is entitled to coverage as a matter of law is a necessary pre-requisite to pursuing discovery regarding a bad faith claim. See Procopio, supra, 433 N.J. Super. at 383. This principle does not become inapplicable simply because some discovery relevant to the bad faith claim was produced here. GEICO maintains that it has not provided all documents related to the bad faith claim.[9] This is borne out by plaintiff's continuing efforts to compel additional discovery and the depositions of the UIM adjusters as well as by the first order that denied GEICO's severance motion and ordered GEICO to "answer interrogatories . . . and provide the full electronic and paper claim file." Therefore, the competing

---

[9] Although it does not weigh in our analysis, we note that GEICO's answer and defenses had been stricken for failure to produce discovery and that the production of documents coincided with efforts to reinstate the answer and defenses and to comply with orders that compelled discovery.

14

interests implicated by ordering simultaneous discovery on both the coverage and bad faith claims remained in play. We conclude the motion judges were mistaken in concluding that the disclosure of some bad faith-related discovery resolved the issue of potential prejudice to GEICO and paved the way for simultaneous discovery without regard to whether plaintiff had shown she was entitled to coverage as a matter of law.

The orders of July 26, October 25, and December 6, 2013, which denied GEICO's motions to sever and stay the bad faith claim and related discovery until the underlying UIM claim was decided, and compelled the depositions of UIM adjusters and further discovery related to plaintiff's bad faith claim are reversed.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15

A-2547-13T4