**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2120-22

THE REINVESTMENT
FUND, INC.,

     Plaintiff-Respondent,

v.

JOSEPH RAUH, SR., JOSEPH
RAUH, JR., COLLEEN RAUH, 360
GREENTREE RD., LLC, JRMT,
INC., and JR MARKETS, INC.,

     Defendants/Third-Party
     Plaintiffs-Appellants,

v.

MORAN FOODS, INC., d/b/a
SAVE-A-LOT STORES, LTD,
formerly known as MORAN
FOODS, INC., d/b/a SAVE-A-
LOT FOOD STORES, LTD,

     Third-Party Defendant/
     Respondent.

_____

Argued October 24, 2023 – Decided December 5, 2023

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0844-20.

Thomas A. Hagner argued the cause for appellants Joseph Rauh, Sr. and 360 Greentree Rd., LLC (Hagner & Zohlman, LLC, attorneys; Thomas J. Hagner and Thomas A. Hagner, on the briefs).

Thomas Wallace argued the cause for respondent The Reinvestment Fund, Inc. (Whiteford, Taylor & Preston, LLC, attorneys; Richard Alan Barkasy, on the brief).

Erica H. Dressler (Troutman Pepper Hamilton Sanders LLP) of the Pennsylvania bar, admitted pro hac vice, argued the cause for respondent Moran Foods, Inc. (Troutman Pepper Hamilton Sanders LLP, attorneys; Erica H. Dressler and A. Christopher Young, of counsel and on the brief).

PER CURIAM

Defendants Joseph Rauh, Sr. and his company 360 Greentree Rd., LLC appeal from the trial court's March 14, 2023 order denying reconsideration of its March 16, 2022 order, as clarified on December 14, 2022, staying his third-party complaint against Save-A-Lot pending arbitration of claims involving Save-A-Lot, Joseph Rauh, Jr., Colleen Rauh, JRMT and JR Markets. Because we do not discern an abuse of discretion in the court's decision, we affirm.

The underlying facts and procedural history were set forth in our previous decision, Reinvestment Fund v. Rauh, No. A-3184-21 (App. Div. Dec. 13,

2022), which we incorporate by reference.  In sum, Joseph Rauh, Jr., who is the president of JR Markets, Inc. and JRMT, Inc., and his spouse Colleen Rauh, entered into licensing agreements with Save-A-Lot for the acquisition of grocery stores in Millville and Rio Grande.  Reinvestment funded the project with two loans.  The first loan of $1,395,000 was to JR Markets, the repayment of which was personally guaranteed by Rauh, Jr., Rauh, Sr., and Greentree; the second loan of $650,000 was to JRMT, guaranteed by Rauh, Jr., and Rauh, Sr.  Id., slip op. at 3.

The licensing agreements, to which neither Rauh, Sr. nor Greentree was a party, contained mediation and arbitration provisions that obligated the parties to mediate "[a]ny controversy, claim, or dispute of whatever nature" and, if unsuccessful, to submit their claims to "binding arbitration" in St. Louis, Missouri, where Save-A-Lot was incorporated.  Ibid.

A few years later, Reinvestment filed a complaint against Rauh, Jr., Rauh, Sr., Colleen Rauh, Greentree, JRMT, and JR Markets, alleging they defaulted repaying the loans and seeking the unpaid accelerated amount due on the two loans.  In response to the complaint, these defendants asserted counterclaims against Reinvestment and filed a third-party complaint against Save-A-Lot alleging fraudulent inducement of the loan agreements, common law fraud, and

A-2120-22

violations of the New Jersey Franchise Practices Act; they also alleged that Reinvestment and Save-A-Lot engaged in a civil conspiracy. Id. at 4.

Relying on the arbitration provision in the licensing agreements, Save-A-Lot moved to compel arbitration of the claims asserted against it. The motion judge found the arbitration provisions enforceable and ordered the parties to the licensing agreements—Rauh, Jr., Colleen Rauh, JRMT and JR Markets—into arbitration. Rauh, Sr., did not consent to join in the arbitration. The remaining claims involving Rauh, Sr. and Greentree against Save-A-Lot were severed from the arbitrable claims and stayed pending the completion of arbitration, but Reinvestment's claims against the Rauhs and their companies were not stayed. Ibid.

On appeal as of right pursuant to Rule 2:2-3(a)(3), we affirmed the trial court's order compelling arbitration but reversed and remanded the stay order because the judge did not provide a clear rationale for staying some claims while allowing others to proceed. Id. at 6.

On December 14, 2022, the trial court issued a written memorandum of clarification on remand. While this appeal was pending, the trial court granted summary judgment to Reinvestment on its claims concerning the defaulted loans and dismissed defendants' counterclaims, thus leaving only defendants' third-

party claims against Save-A-Lot including the civil conspiracy claims involving Reinvestment. The court explained its reasons for the stay:

> [A]ll defendants are represented in this action by the same counsel. That lawyer, and whatever lawyer is going to represent them in the arbitration will have access to all discovery that is produced in that forum. Moreover, even though Rauh, Sr.[,] and Greentree are not a party to the arbitration, their interests are perfectly aligned with the other Rauh defendants' interests. Since the Reinvestment Fund's claim[s] are now adjudicated, it makes little to no sense to permit concurrent actions here in [New Jersey] state court and also arbitration in St. Louis. The matters are compelled to be arbitrated and there is no prejudice to Rauh, Sr.[,] and Greentree to stay this case. Save-[A]-Lot should not be compelled to litigate in two separate venues regarding the same issues.

In denying Rauh, Sr.'s motion for reconsideration that followed, the trial court further opined:

> The moving defendants argue that there may be issues that get resolved in the arbitration that result in preclusions of some of their claims here. It is difficult for the court to envision such a circumstance where an arbitrator could bind non-participating defendants to the detriment of their claims in this matter, that is what they bargained for. As it has been acknowledged, all exchanges of discovery that are relevant in the arbitration are available to the moving defendants here as the parties are father/son and represented by the same attorney, so in at least the pre-trial stage, this litigation[] is proceeding as the discovery is completed in Missouri. Therefore, in reality, the only thing that is being stayed is a possible trial here. Given the

5

moratorium in this vicinage in doing civil trials and the backlog in civil trials that has resulted from the significant shortage of judges,[1] even if the cases were to proceed concurrently, it is very likely the arbitration would long be completed before this trial in any event. The issues of res judicata are going to be present anyway.

On appeal, defendants raise the following issues for our consideration:

POINT I

THE TRIAL COURT'S DECISIONS SHOULD BE VACATED BECAUSE THERE IS NO LEGAL PRECEDENT OR AUTHORITY FOR SEVERING AND STAYING CLAIMS OF A THIRD-PARTY PLAINTIFF NOT SUBJECT TO ANY ARBITRATION AGREEMENT PENDING THE OUTCOME OF AN ARBITRATION INVOLVING SIMILAR, BUT DISTINCT, THIRD-PARTY PLAINTIFFS.

POINT II

THE TRIAL COURT'S DECISIONS SHOULD BE VACATED BECAUSE THE COURT FAILED TO IDENTIFY JUST TERMS AND SUFFICIENT CONSIDERATIONS OF JUDICIAL ECONOMY, FAIRNESS TO ALL PARTIES, AND THE INTERESTS OF JUSTICE TO SUPPORT ITS DECISION TO STAY SOME, BUT NOT ALL OF THE ARBITRABLE CLAIMS OF SOME, BUT NOT ALL, PARTIES.

---

[1] See "Statement of Chief Justice on Suspension of Civil and Matrimonial Trials in Two Vicinages Due to Vacancy Crisis" (February 21, 2023). (https://www.njcourts.gov/press-releases/2023/02/statement-of-chief-justice-suspension-of-civil-and-matrimonial-trials-two).

A-2120-22

As a threshold matter, we first address whether this appeal is properly before the court absent a motion for leave to appeal. The orders on appeal do not compel arbitration but rather stay the litigation and as such, they are not appealable as of right pursuant to Rule 2:2-3(a)(3). Defendants argue the stay is "inextricably intertwined" with the order compelling arbitration and therefore leave to appeal was not mandated. While we disagree that this matter is appealable as of right, we will treat the notice of appeal as a motion for leave to appeal, which we grant as within time in the interest of prompt disposition of the matter. See R. 2:4-4(b)(2).

We review a decision to grant a stay for abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 469 (App. Div. 2016); Wacker-Ciocco v. Gov't Emps. Ins. Co., 439 N.J. Super. 603, 610-11 (App. Div. 2015); Avila v. Retailers & Mfrs. Distrib., 355 N.J. Super. 350, 354 (App. Div. 2002). We do not "second-guess a trial judge's sound exercise of discretion because we recognize '[j]udicial discretion connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court.'" Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013) (quoting Higgins v. Polk, 14 N.J. 490, 493 (1954)).

A trial court abuses its discretion when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463-64 (App. Div. 2023) (quoting Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018)). "When examining a trial court's exercise of discretionary authority, [a reviewing court] reverse[s] only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Applying these principles, we discern no reason to disturb the court's decision and affirm substantially for the reasons set forth in its memorandum of clarification and decision denying reconsideration. Although not mandatory, a court should stay non-arbitrable claims pending arbitration when "significant overlap exists between parties and issues." Perez v. Sky Zone LLC, 472 N.J. Super. 240, 251 (App. Div. 2022) (citations omitted). We agree that staying Rauh, Sr.'s third-party claims avoids fragmented litigation and furthers judicial economy, fairness and justice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2120-22