**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2728-22

M.L.,

     Plaintiff-Appellant,

v.

P.J.,

     Defendant-Respondent.

_____

Submitted June 3, 2024 – Decided October 11, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1706-18.

Iacullo Martino & Reinitz, attorneys for appellant (Steven J. Martino, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this non-dissolution matter, plaintiff M.L.[1] appeals from the January 11, 2023 order following a plenary hearing. Plaintiff argues the Family Part judge erred by: (1) reducing defendant's child support obligation; (2) failing to establish a rate for the repayment of defendant's child support overpayment; and (3) failing to make defendant's obligation to pay for the children's dance lessons retroactive to the filing date of her motion to enforce litigant's rights.

Following our review of the record and applicable law, we affirm the provision of the order finding the Montessori tuition was part of defendant's child support obligation. We also affirm the provision of the order directing defendant to pay $450 per month for each child's dance classes. We, however, vacate the reduction of child support because we conclude the Family Part judge did not (1) include dance lessons and related costs as an extra-curricular activity in calculating child support, (2) utilize the child support guidelines in calculating the new child support award, and (3) attach a Guidelines worksheet to its order. Thus, we reverse and remand for a new analysis and recalculation of child support.

---

[1] To safeguard their privacy, we refer to the parties and their minor children by their initials. R. 1:38-3(d).

A-2728-22

The parties are familiar with the procedural history and facts of this case. We briefly summarize the relevant facts from the plenary hearing record. While defendant was married to another woman and had children, defendant and plaintiff were in a long-term relationship from 2004 through late 2017. The parties have two daughters, one born in 2012 and the other in 2014, that have resided exclusively with plaintiff.

After the birth of the eldest child, defendant gave plaintiff $100 per month for babysitting expenses. Following the birth of the second child, defendant provided financial support: $1,000 to $2,000 per month in 2014 and 2015, and $4,000 to $6,000 per month in 2016 and 2017, which included Montessori tuition. Defendant stopped paying monthly support in December 2017.

In early 2018, plaintiff earned $49,000 as a massage therapist but became unemployed in either March or April. Plaintiff then filed a palimony complaint and sought child support. Defendant, a self-employed contractor, opposed and cross-moved for parenting time. Custody, parenting time, visitation, and medical insurance coverage were resolved in consent orders entered on May 22, 2018 and May 29, 2018.

While the matter was pending, the parties' eldest child graduated from the Montessori preschool in June 2018. After graduation, the child attended two weeks of summer camp. The youngest child graduated in June 2019. Both children currently attend public school.

The children were enrolled in dance lessons. In 2018, the eldest child's lessons cost $377 per month, totaling $4,484.25, paid by defendant from his credit card kept on file with the dance studio.

Plaintiff's palimony complaint, child support, and dance related costs were resolved in a July 9, 2018 consent order (July 2018 consent order). The parties agreed that "[e]ffective July 1, 2018, defendant shall pay directly to plaintiff the sum of $1,000 per week as and for child support for their minor children, . . . The child support shall be paid monthly at the rate of $4,333.33 on the first of each month by direct deposit into plaintiff's bank account." The child support provision was not determined using the child support guidelines. Nor was an analysis made by an accountant concerning defendant's income and cash flow as a self-employed contractor.

In regard to dance related costs, paragraph 3 stated: "The parties acknowledge that their [children] are currently enrolled in dance lessons and participate in the related recitals, competitions, etc., which have been paid by

defendant. Defendant shall continue to pay directly the children's dance lessons and related dance costs."

Defendant testified that he believed the consent order was a "temporary arrangement" until plaintiff resumed employment, and in October 2019, defendant unilaterally reduced his monthly child support payment by $800 per month. Beginning in 2020, defendant did not timely pay child support and then in April stopped making deposits directly into plaintiff's bank account.

The eldest child's dance costs increased to $8,682.70 in 2019 when she became a member of the competitive dance team. Those dance related costs decreased to $7,164.44, $723 per month in 2020 because of the COVID-19 pandemic. Plaintiff certified that defendant removed his credit card on file with the dance studio in August 2020 and instead deposited the money for dance lessons and related costs directly into her bank account from September 2020 through August 2021. However, at the plenary hearing, plaintiff testified that from October 2020 to December 2020, plaintiff paid for all dance costs because defendant stopped paying. Plaintiff testified as of 2021 defendant still contributed a "minimal" $377 per month for the dance lessons and related costs.

Defendant testified that he was not told of the children's participation in the numerous dance lessons, competitive dance team, or the escalating dance

5

related costs. By 2021, the total cost had increased to $16,070.81—$1,500 per month—based on the children's lessons, dance team rehearsals fees, studio fees, and competition fees.

In June 2020, plaintiff filed a motion for various relief, including an order to compel defendant to bring child support payments current payable through the probation department, reimbursement for dance lessons and dance related costs, and for timely payment of all future costs. Defendant opposed the motion and cross-moved for unhampered visitation with the children and mediation to establish a parenting time schedule, a reduction of child support to $1,775 based on changed circumstances—the children's enrollment in public school, and a modification of dance related costs.

In an August 24, 2020 order, the judge denied defendant's request to modify parenting time. The parties disagreed whether the Montessori tuition and dance related costs were included in child support. The judge ordered a plenary hearing to determine whether child support should be recalculated. In the interim, child support remained at $4,333 per month without prejudice. The judge also ruled that any increase in defendant's obligation for dance lessons and related costs would be determined at the plenary hearing and ordered defendant to maintain the status quo—$377 per month—for dance lessons and related costs

6

without prejudice. The consideration of counsel fees was reserved for the plenary hearing. Thereafter, the judge denied plaintiff's motion for reconsideration and rescheduled the plenary hearing.

Defendant did not comply with the August 24 order; specifically, to pay two months of the children's dance costs and bring those costs current. Plaintiff moved to enforce the August 24 order, requesting that defendant bring the dance costs current from May 2021, among other items. Defendant opposed and filed another cross-motion to modify visitation and to request half of the Stimulus and Child Care Funds received by plaintiff during COVID. In a September 10, 2021 order, the judge found defendant in violation of litigant's rights, again reserved on the issue of counsel fees, and rescheduled the plenary hearing.

Thereafter, a different Family Part judge conducted a plenary hearing on the disputed issue of defendant's child support obligation, defendant's request for midweek parenting time, and the division of stimulus funds received by plaintiff. The parties provided testimony regarding their income. Plaintiff testified in 2020 and 2021 she received $19,000 in unemployment benefits, which included stimulus funds she used to pay bills and the children's dance lessons and $6,000 in economic impact payments. Plaintiff also received $3,000 for childcare credits in 2021. Plaintiff provided a case information statement

A-2728-22

(CIS) dated January 11, 2022, 2020 and 2021 tax return summaries, and a 2017 W-2 and tax return. In January 2021, plaintiff began employment as a part-time massage therapist but did not provide testimony regarding her salary.

Defendant testified that he was self-employed and earned $114,000 as reflected in the CIS dated May 29, 2018 and $140,628 as reflected in the CIS dated June 23, 2020. At the hearing, defendant testified that his employment was "limited" since 2020 and he did not receive any pandemic aid. However, defendant did not provide a complete CIS for 2021 and 2022 prior to the plenary hearing. He only provided a 2018 tax return but no recent financial information concerning his company, personal income or business tax returns.

In a January 11, 2023 order accompanied by a written opinion, the judge reduced defendant's child support obligation, finding the Montessori preschool tuition was included within the monthly support. Defendant's request for modified visitation to a weeknight with the children was granted. The judge denied defendant's request to include the dance lessons and related costs as part of child support and for a share of the stimulus funds.

On the issue of child support, the judge reasoned the Montessori tuition "was an ongoing payment for both children, since [the eldest child] was attending summer camp there, at the time the [c]onsent [o]rder was entered. It

logically follows that the Montessori payments were part of the $4,333 support."

Thus, the judge reduced defendant's weekly child support obligation to $590.23 and $1,795 monthly credit from $4,333 retroactive to June 24, 2020 because the children were attending public school. The judge did not utilize the child support guidelines nor the parties' then-current income in calculating defendant's new child support obligation.

On the issue of the children's dance costs, the judge found "[t]here was no credible evidence offered that [d]efendant was aware of the potentially significant increase in this expense at the time the [c]onsent [o]rder was negotiated." The judge made an "equitable determination" that defendant was responsible for the dance lessons then-$450 per month for each child, payable directly to the dance studio and any additional costs were to be borne by plaintiff. Both parties were denied counsel fees. This appeal followed.

## II.

On appeal, plaintiff argues the Family Part judge erred by: (1) modifying the July 2018 consent order to include the Montessori tuition in defendant's child support obligation; (2) determining the tuition amount of $1,795; (3) failing to set a repayment rate regarding the overpayment of child support; and (4) failing to set May 31, 2020 as the retroactive date for defendant's payment for dance

9

lessons and related costs. We conclude defendant's child support obligation was improperly calculated and the new support order was mistakenly entered. We therefore reverse regarding the recalculation of child support and remand for further proceedings.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413); see also Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016) (recognizing that "our review of the Family Part's determinations regarding child support is limited"). Accordingly, we generally defer to factual findings made by family judges when such findings are "supported by adequate, substantial, credible evidence." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015)); Gnall v. Gnall, 222 N.J. 414, 428 (2015). In contrast, a "trial judge's legal conclusions, and the application of those conclusions to the facts, are

subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

## III.

Our review of a Family Part judge's findings is limited. W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021). We extend significant deference to the Family Part's discretionary decisions, provided those decisions are supported by adequate, substantial, and credible evidence in the record. D.A. v. R.C., 438 N.J. Super. 431, 451 (App. Div. 2014). "A proper exercise of judicial discretionary authority 'connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court.'" Ibid. (quoting Higgins v. Polk, 14 N.J. 490, 493 (1954)). Unlike factual findings, issues of law are subject to de novo review. W.M., 467 N.J. Super. at 229.

Child support orders "may be revised and altered by the court from time to time as circumstances may require." R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014); Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (App. Div. 2002). Upon a motion to modify child support, the moving party has the burden

11

to make a prima facie showing of changed circumstances warranting relief. R.K., 437 N.J. Super. at 63.

Assessments of changed circumstances concerning child support involve consideration of the parties' current situations compared "with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990). A Family Part judge may "review[] the current circumstances of the parties according to the guidelines, despite a prior agreement" because an obligor "ha[s] no vested contract right which might defeat [the] obligation to meet the needs of [the obligor's] dependents." Chobot v. Chobot, 224 N.J. Super. 648, 654 (App. Div. 1988).

Rule 5:6A provides that the Guidelines "shall be applied in an application to establish . . . child support" and may only be modified for good cause shown. Accordingly, a Family Part judge must apply the Guidelines when considering an application to modify child support or provide reasons as to why the guidelines were not applicable. Gormley v. Gormley, 462 N.J. Super. 433, 450 (App. Div. 2019). The judge also must attach to its order a Guidelines worksheet with the calculations and the statement explaining its considerations and reasoning. R. 5:6A.

We, therefore, review the Family Part judges' decisions to modify child support under an abuse of discretion standard. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"" Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Governed by those standards, the challenged provision in the January 11, 2023 order concerning the modification of child support cannot stand because the judge's determination does not comport with the rule or established law. Here, the judge improperly calculated defendant's child support obligation. The judge specifically found the Montessori preschool tuition was an "ongoing payment for both children" and "part of the $4,333 support" as intended in the July consent order. The judge, however, simply reduced defendant's child support by subtracting the tuition payments from defendant's monthly obligation effective June 24, 2020, without calculating the new support pursuant to the Guidelines.

We conclude the judge abused her discretion in recalculating child support. First, defendant failed to comply with Rule 5:5-4(a)(4), which requires a movant seeking a modification of child support to include both a prior and a

current CIS in his motion. See Palombi v. Palombi, 414 N.J. Super. 274, 287-88 (App. Div. 2010). In seeking a reduction of child support, defendant submitted a CIS dated May 29, 2018 and June 23, 2020, but no updated financial documents for 2021 and 2022 were filed before the plenary hearing. Although plaintiff submitted a 2021 CIS, plaintiff provided no testimony regarding her salary as a massage therapist. Accordingly, the judge was unable to make an accurate assessment of each party's current income to properly calculate a reduction in defendant's child support obligation. Caplan v. Caplan, 182 N.J. 250, 265 (2005). Nor did the judge use or include the Guidelines worksheet in recalculating defendant's child support obligation. Lastly, the judge made no calculation regarding any overpayment made by defendant and the amount of credit to be included in the monthly child support payments.

Under these circumstances, we must remand for more complete findings of facts and conclusions of law concerning the recalculation of child support and the effective date of the recalculation pursuant to the Guidelines. The judge shall attach the Guidelines worksheet setting forth the calculations with an explanation. We leave to the judge's discretion to permit additional or updated discovery and to conduct a plenary hearing on any issues to aid in completing the remand. We leave that determination to the judge's discretion.

A-2728-22

We next address plaintiff's argument the judge failed to set May 31, 2020 as the retroactive date for defendant's payment for dance lessons and related costs. Like the Montessori tuition payments, the judge correctly noted the parties considered and agreed to defendant's obligation regarding dance related costs in the July 2018 consent order. We likewise agree that defendant did not agree to the exponential increase in the cost of the children's dance lessons and related costs. Thus, we see no reason to disturb that portion of the judge's ruling limiting defendant's contribution to $450 per child for dance lessons, payable directly to the studio.

We add that extra-curricular expenses are generally included in the child support guidelines. Elrom v. Elrom, 439 N.J. Super. 424, 428 (App. Div. 2015). As noted above, the judge did not make any calculations regarding child support. Accordingly, we remand and direct the judge to include those expenses in the recalculation of child support effective June 1, 2020, the filing date of plaintiff's motion.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION