**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0951-17T4

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

    Plaintiff-Respondent,

v.

SIMON ZAROUR,

    Defendant-Appellant,

and

LORI ZAROUR, husband and wife,
LYNX ASSET, and FRANKS GMC
TRUCK CENTER,

    Defendants.

_____

Submitted September 12, 2019 – Decided September 24, 2019

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-022587-16.

Simon Zarour, appellant pro se.

McCalla Raymer Leibert Pierce, attorneys for respondent (Brian P. Scibetta, on the brief).

PER CURIAM

Defendant Simon Zarour appeals a September 15, 2017 order that denied his motion to set aside the final judgment of foreclosure and other orders entered in the course of the foreclosure action. These include the April 13, 2017 order that denied his motion to extend discovery; the May 12, 2017 orders that granted summary judgment to plaintiff, JP Morgan Chase Bank, National Association, struck defendant's answer and entered default, and denied defendant's cross-motion for summary judgment; and the August 17, 2017 final judgment of foreclosure. He claims the trial court abused its discretion by finding plaintiff had standing to foreclose and by denying his motion to challenge the amount due and owing. He asserts plaintiff's foreclosure complaint was filed beyond the applicable statute of limitations. We affirm the trial court's orders, including its finding that a twenty-year statute of limitations applied.

On September 20, 2007, defendant executed a $5 million promissory note in favor of Washington Mutual Bank, FA (WaMu). As security for payment of the note, defendant and his wife Lori Zarour executed a mortgage to WaMu for a property located in Monmouth Beach. Defendant defaulted on the loan in August 2008, and has not made payments since then. The note was endorsed in

blank. The mortgage was assigned to plaintiff by the Federal Deposit Insurance Corporation (FDIC) as receiver for WaMu on October 19, 2015, and recorded. See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 323-24 (App. Div. 2013) (explaining the FDIC became receiver for WaMu pursuant to 12 U.S.C. § 1821(d)).

After a notice of intention to foreclose was sent to defendant, who did not cure the default, plaintiff filed a foreclosure complaint on August 15, 2016. Defendant's contesting answer was stricken on May 12, 2017, when the trial court granted summary judgment to plaintiff and denied defendant's cross-motion to dismiss the foreclosure complaint.[1] Based on a certification from plaintiff's representative, the trial court found that "plaintiff possessed the original note, properly endorsed when the action was commenced and therefore was the holder thereof." It also determined "plaintiff [had] standing by virtue of a pre-complaint assignment of the mortgage to the plaintiff." The trial court found plaintiff showed a "prima facie right to foreclose" because it found that the elements set forth in Great Falls Bank v. Pardo, 263 N.J. Super. 388 (Ch.

---

[1] This followed the denial on April 13, 2017, of defendant's motion to extend discovery. Defendant listed that order in his notice of appeal, but did not address it substantively in his appellate brief. Because of this, its appeal is waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

A-0951-17T4

Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994), were satisfied. It rejected defendant's argument that a six-year statute of limitations applied, finding that a twenty-year statute was applicable.

Plaintiff filed a motion to enter a final judgment of foreclosure supported by a certification of the amount due. Plaintiff's authorized representative certified that the schedules attached to the motion correctly stated "any advances made or to be made by or on behalf of the plaintiff, that such advances were, in fact, made." These included substantial amounts advanced for the payment of real estate taxes and homeowner's insurance premiums. Defendant did not file opposition to the motion, and a final judgment of foreclosure was entered on August 17, 2017, for $7,726,406.25.

Shortly after, defendant filed a motion to set aside the final judgment and fix the amount due. Plaintiff filed opposition. The trial court denied the motion on September 15, 2017, finding defendant had not satisfied the requirements of Rule 4:50-1. He did not indicate which subsection of the Rule applied to his case. The court found plaintiff's "proofs are sufficient" and defendant had not "offered any evidence to call into question the correctness of the amount of the final judgment being sought."

A-0951-17T4

On appeal, defendant argues the trial court erred because plaintiff's foreclosure complaint was filed beyond the statute of limitations that applied, it had no standing to file for foreclosure, and it had not shown the amount due was accurate.

A decision to vacate a judgment or order lies within the sound discretion of the trial court, guided by principles of equity. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). We will reverse the trial court's decision on a motion to vacate where there is an abuse of discretion. Ibid. An "abuse of discretion only arises on demonstration of 'manifest error or injustice.'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572, (2005)). It occurs when the "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182-83 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Whether a cause of action is barred by a statute of limitations is a legal question subject to our de novo review. See Estate of

Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006) (citations omitted).

Defendant argues the trial court should have applied a six-year statute of limitations. In Deutsche Bank Tr. Co. v. Weiner, 456 N.J. Super. 546, 548-49 (App. Div. 2018), we recently held the twenty-year statute of limitations under N.J.S.A. 2A:50-56.1(c)[2] applied when a mortgagor has defaulted, and the default has not been cured. In that foreclosure case, the defendants argued the six-year statute of limitations under N.J.S.A. 2A:50-56.1(a) "was triggered . . . when their default triggered the loan's acceleration." Id. at 548. We disagreed with that interpretation, holding that section (c) "specifically provide[d] a time frame to be considered upon an uncured default." Id. at 549.

The analysis in Weiner is applicable here. Under N.J.S.A. 2A:50-56.1 there are three possible statutes of limitations for a residential mortgage, the earliest of which is to be applied:

> • Six years from "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a);
>
> • Thirty-six years from the date the mortgage was recorded or, if not recorded, from the date of execution, N.J.S.A. 2A:50-56.1(b); and

---

[2] This section was amended effective April 29, 2019 to provide a six-year statute of limitations. See L. 2019, c. 67, §1.

• <u>Twenty years</u> from the date of a default that "has not been cured," N.J.S.A. 2A:50-56.1(c).

[<u>Weiner</u>, 456 N.J. Super. at 547.]

N.J.S.A. 2A:50-56.1(a)'s reference to "the maturity date" means the maturity date set forth in the note or mortgage. In this case, that date is October 1, 2047. Six years from that date is the year 2053. The date derived from subsection "b" also is substantially in the future. N.J.S.A. 2A:50-56.1(c) sets forth the earliest of the statute of limitations. In this case, twenty-years from the default date of August 1, 2008 is 2028. Plaintiff's complaint, filed in 2016, was well within this statute of limitations.

Defendant's argument is without merit that N.J.S.A. 2A:50-56.1 should not apply because this was not a residential mortgage. In the mortgage document that defendant signed, he represented that as the borrower, he would occupy the property as his principal residence at least for a year unless the lender otherwise agreed in writing. The form used for the mortgage was for a "single family." His argument on this issue simply was not supported by the loan documents.

Defendant is incorrect that the six-year statute of limitations in N.J.S.A. 12A:3-118(a) applied. Under that statute, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within

A-0951-17T4

six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." N.J.S.A. 12A:3-118(a). Here, plaintiff was not enforcing the note; it was foreclosing on the mortgage, making N.J.S.A. 12A:3-118 inapplicable.

Defendant argues the court abused its discretion in finding plaintiff had standing to foreclose. A party seeking to establish its right to foreclose on a mortgage must generally "[']own or control the underlying debt.'" Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). See also Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010). In Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell.

We are satisfied the trial court did not abuse its discretion in concluding plaintiff had standing to foreclose. Plaintiff's representative certified that it was in possession of the note prior to filing the foreclosure complaint, and that the mortgage was assigned to plaintiff in 2015. We agree with the trial court that these proofs satisfied Angeles' requirements. There was no indication from the

record the court made any credibility decision; defendant did not refute plaintiff's proofs.

Defendant's argument that the court abused its discretion by determining the amount due is not supported. Defendant did not challenge the amount due until after the final judgment was entered, even though objections had to be made within ten days. See Rule 4:64-1(d)(3)-(4). Plaintiff's authorized representative certified that the supporting certifications were correct and that the advances set forth in the schedules were made. These showed that substantial amounts were advanced for real estate taxes and homeowner's insurance premiums. Defendant did not argue that he paid the taxes or homeowners insurance, nor did he show there was a tax lien or cancelled insurance policy. He did not show any error with the amount plaintiff claimed was due.

Defendant's remaining arguments[3] are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

---

[3] Defendant raised an issue in his reply brief that he filed for bankruptcy in September 2015 and that the assignment violated the automatic stay. It does not appear defendant raised this issue before the trial court. We need not consider defendant's arguments not raised in the trial court. Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10