810 A.2d 585

DANIEL AVILA, PETITIONER–RESPONDENT, v. RETAILERS & MANUFACTURERS DISTRIBUTION, RESPONDENT– APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 28, 2002—Decided November 27, 2002.

Before Judges PETRELLA,[1] BRAITHWAITE and PARKER.

*David P. Kendall* argued the cause for appellant (*Francis T. Giuliano,* attorney; *Mr. Kendall and Mr. Giuliano,* on the brief).

*Ilona Shmaruk* argued the cause for respondent (*Garces & Grabler,* attorneys; *Mark S. Garber,* on the brief).

The opinion of the court was delivered by

PARKER, J.A.D.

Respondent appeals from a workers' compensation judgment of five percent permanent partial orthopedic disability in favor of the petitioner. Respondent admitted that petitioner suffered an accident during his employment, but disputed whether it resulted in a compensable permanent injury. In this appeal, respondent argues (1) that the judge should have stayed the judgment pending appeal; (2) defendant did not prove a permanent partial disability within the meaning of *N.J.S.A.* 34:15–36; and (3) petitioner failed to establish a material lessening of his work ability or substantial impairment of his ordinary pursuits of life. We affirm.

Petitioner was employed as a furniture maker for respondent. On July 22, 1998, the cranking knob from the machine he was working fell on petitioner's back. On the day of the accident, he went to the emergency room at JFK Hospital complaining of pain in his lower right back and right shoulder. Petitioner was out of work two and four-sevenths weeks and then returned to work full time.

At the time of the workers' compensation hearing, petitioner was employed full time as a painter. He complained that he

---

[1] Judge Petrella did not participate in oral argument. However, the parties consented to his participation in the decision.

"sometimes" experienced "light pain" in his neck, back and shoulder which was relieved by Advil, and that he was not able to work overtime or do anything strenuous. He acknowledged that he had received no treatment from October 1998, three months after the accident, to the time of the hearing in October 2000.

In addition to petitioner's testimony, the judge of compensation reviewed reports submitted by his physician, Dr. Morris Horwitz, who examined petitioner on September 24, 1999, and respondent's expert, Dr. Anthony Stefanelli, who examined petitioner on March 13, 2000. Dr. Horwitz diagnosed diffuse cervical and lumbar myositis, right shoulder fibromyositis and residuals of contusions and strains to the cervicodorsal, right shoulder and lumbosacral regions. He related the injury to the July 1998 accident and indicated that his objective medical findings resulted in an orthopedic disability of thirty percent partial total. Dr. Stefanelli found no objective medical evidence of any disability.

In her oral decision on October 6, 2000, the judge of compensation stated: "I did have an opportunity to listen to and observe petitioner during his testimony and assess his credibility as well as to review the reports by each party." She found "the petitioner to be a credible witness." In reviewing the experts' reports, she found "that Dr. Horwitz's opinion is more consistent with the petitioner's credible testimony."

The judge recognized that "the Supreme Court has indicated that mere lack of extension and flexion are considered subjective complaints. However, those findings in connection with the spasms and tenderness that Dr. Horwitz has found as well as the hardness indicated provide sufficient objective medical evidence to meet petitioner's burden." The judge concluded that "the petitioner is entitled to permanent disability to the extent of five percent partial total for cervical myositis and fibromyositis." She found "no permanent disability to the shoulder or low back," however. Plaintiff was awarded $4,140, plus $75 in doctor fees and $480 in counsel fees.

■ Respondent contends that its application for a stay of the award pending appeal should have been granted because it "met all the standards" of *Gosschalk v. Gosschalk,* 48 *N.J.Super.* 566, 579, 138 *A.*2d 774 (App.Div.) *aff'd,* 28 *N.J.* 73, 145 *A.*2d 327 (1958). In *Gosschalk,* we noted that "[t]he granting of a stay is discretionary with the trial court, limited only by special equities showing abuse of discretion in that injustice would be perpetrated on the one seeking the stay, and no hardship, prejudice or inconvenience would result to the one against whom it is sought." *Id.* at 579, 138 *A.*2d 774.

Respondent proposes that we adopt a new standard for stays of workers' compensation awards, suggesting that stays be routinely granted when (1) the award is small; (2) the employee is working full time and not, therefore, in a hardship situation; (3) no temporary benefits are awarded; and (4) the medical bills have been paid. Respondent argues that stays of workers' compensation awards should be granted under those circumstances because compensation carriers increase the employers' premiums when awards are paid. Respondent further argues that it may be difficult to collect the payment if the award is reversed on appeal.

■ As we noted in *Gosschalk,* the traditional standard for the granting of a stay by a trial court is discretionary and dependent upon the equities of a given case. We measure the equities by the standard utilized in the granting of a preliminary injunction, *i.e.,* (1) whether irreparable harm will result from enforcement of a judgment pending appeal; (2) whether a meritorious issue is presented; and (3) the likelihood of success on appeal. *Crowe v. DeGioia,* 90 *N.J.* 126, 133, 447 *A.*2d 173 (1982).

The mere fact that the workers' compensation carrier increases the employer's premiums upon the payment of an award, does not constitute a manifest injustice or irreparable harm. It is completely within the control of the carrier to withhold the increase in premiums until after the appeal process is exhausted. Moreover, there is no factual basis here to support respondent's claim that the payment may be difficult to collect if the employer prevails on

appeal. Respondent has not persuaded us that there is any viable reason for adopting a new standard for stays of workers' compensation awards. We find no abuse of discretion in denial of the stay in this case.

With respect to respondent's remaining arguments, our scope of review is limited to whether the findings made could reasonably have been reached on sufficient credible evidence in the record, giving "due regard" to the factfinder's determinations of credibility. *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965). We have carefully reviewed the record, and we are satisfied that there was sufficient credible evidence to support a finding of five percent permanent partial orthopedic disability. *R.* 2:11–3(e)(1)(D).

Affirmed.