NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2110-17T4

DEUTSCHE BANK TRUST
COMPANY AMERICAS, AS
TRUSTEE FOR RESIDENTIAL
ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-QSI4,

> **APPROVED FOR PUBLICATION**
>
> **November 8, 2018**
>
> **APPELLATE DIVISION**

      Plaintiff-Respondent,

v.

DEBBIE A. WEINER and CLIFFORD
R. WEINER,

      Defendants-Appellants.

_____

Submitted October 23, 2018 – Decided November 8, 2018

Before Judges Fisher, Geiger and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-026288-16.

Christopher D. Ferrara LLC, attorneys for appellants (Christopher D. Ferrara, on the brief).

Blank Rome LLP, attorneys for respondent (Michael P. Trainor, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

For many years, New Jersey lacked a statute of limitations for residential foreclosure actions. Instead, for more than a century, our courts applied the time-bar used in adverse possession actions: twenty years. See Colton v. Depew, 60 N.J. Eq. 454, 464 (E. & A. 1900); Security National Partners L.P. v. Mahler, 336 N.J. Super. 101, 106-07 (App. Div. 2000). In 2009, the Legislature made up for lost time and enacted N.J.S.A. 2A:50-56.1, which codified Security National Partners[1] by declaring that a residential foreclosure action "shall not be commenced following the earliest of" three points in time:

- Six years from "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a);

- Thirty-six years from the date the mortgage was recorded or, if not recorded, from the date of execution, N.J.S.A. 2A:50-56.1(b); and

- Twenty years from the date of a default that "has not been cured," N.J.S.A. 2A:50-56.1(c).[2]

---

[1] See Assemb. Fin. Insts. & Ins. Comm. Statement to S. No. 250 - L. 2009, c. 105 (Oct. 6, 2008).

[2] For brevity's sake, we have omitted statutory language from the descriptions of each subsection that has no bearing here.

Defendants' contention that N.J.S.A. 2A:50-56.1(a)'s six-year time-frame applies and bars this foreclosure action, which was filed seven years after their uncured default, is without merit.

The record reveals that defendant Debbie A. Weiner borrowed $657,500 from Weichert Financial Services in 2005 and then executed in Weichert's favor a promissory note that required monthly payments, the last of which was scheduled for June 2035. To secure the note's repayment, both defendants executed a mortgage that was recorded in 2005 and ultimately assigned to plaintiff Deutsche Bank Trust Company Americas.[3]

There is no dispute that defendants failed to make a scheduled August 2009 payment and all later monthly payments. After four discontinued suits, Deutsche Bank commenced this foreclosure action in September 2016, more than seven years after defendants' uncured default.

The parties eventually cross-moved for summary judgment. The judge granted Deutsche Bank's motion, denied defendants' motion, and later denied defendants' motion for reconsideration. Once final judgment was entered in

---

[3] The mortgage was first assigned to Deutsche Bank Trust Company Americas, as trustee for certain certificate holders, in 2009, and later assigned to Deutsche Bank, as trustee for Residential Accredit Loans, Inc., 2005-QS14, the plaintiff here, in 2013. The assignments were duly executed and recorded.

A-2110-17T4

December 2017, defendants filed this timely appeal, arguing: (1) summary judgment should not have been entered because discovery was incomplete and there were genuine disputes about Deutsche Bank's claim, its standing to sue, and its status as a holder; (2) their answer should not have been stricken; and (3) the complaint was barred by the statute of limitations. We reject these arguments and affirm.[4]

In arguing the action was time-barred, defendants claim the six-year time frame in subsection (a) was triggered in 2009 when their default triggered the loan's acceleration. We disagree. Subsection (c) specifically provides a time frame to be considered upon an uncured default. To interpret subsection (a) as triggering the same event encompassed by subsection (c) would wreak havoc with the clearly delineated provisions of N.J.S.A. 2A:50-56.1. We refuse to inject such confusion into what the Legislature carefully planned when it adopted this multi-part statute of limitations.

---

[4] We find insufficient merit in defendants' first two points to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only as to the first that, in moving for summary judgment, Deutsche Bank provided undisputed evidence that it was in possession of the note, which was endorsed to it, and that the mortgage assignments were duly executed and recorded. See Deutsche Bank Trust Co. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012).

Defendants' interpretation would also require that we ignore subsection (a)'s plain language. That provision declares that the six-year period runs from the date of the last payment or the maturity date "set forth in the mortgage or the note." N.J.S.A. 2A:50-56.1(a). June 1, 2035 was the date "set forth" in the note and mortgage here, and that date is the one and only date that triggers the six-year period in subsection (a). There is no ambiguity; that conclusion is what the plain language of the statute compels. See DiProspero v. Penn, 183 N.J. 477, 492 (2005). Any other conclusion would mangle the Legislature's carefully phrased statute. State v. Clarity, 454 N.J. Super. 603, 608 (App. Div. 2018).

In short, the three events described in subsections (a), (b), and (c) of N.J.S.A. 2A:50-56.1, were scheduled to occur in 2041 (six years after the 2035 maturity date), 2041 (thirty-six years after the 2005 recording of the mortgage), and 2029 (twenty years from defendants' uncured default), respectively. Since the earliest has yet to occur, this suit, commenced in September 2016, was not time-barred.[5]

---

[5] Although not raised, we assume N.J.S.A. 2A:50-56.1 applies to defendants' argument that Deutsche Bank's suit was untimely even though the statute did not become effective until August 6, 2009, approximately the same time as defendants' default. Even if the statute had no application here, the result would be the same, since the pre-statute twenty-year time-bar described in Colton and Security National Partners would allow for the maintenance of this suit.

A-2110-17T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION