**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2044-17T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
FOR THE WAMU MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2005-AR9,

     Plaintiff-Respondent,

v.

JOSEPH M. GILLIS a/k/a JOSEPH
GILLIS, and EULALIA GILLIS
a/k/a EVLALIA GILLIS,

     Defendants-Appellants,

and

FIRST BANKAMERICANO,
SANTANDER BANK NATIONAL
ASSOCIATION f/k/a SOVEREIGN
BANK, SUCCESSOR IN INTEREST
TO INDEPENDENCE COMMUNITY
BANK,

     Defendants.

_____

Submitted January 9, 2019 – Decided  February 8, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-030684-15.

Joseph Gillis and Eulalia Gillis, appellants pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Anita J. Murray, of counsel; Richard J. Nalbandian, III, on the brief).

PER CURIAM

In this foreclosure case, defendants Joseph and Eulalia Gillis appeal from the following orders: a July 8, 2016 order granting summary judgment in favor of plaintiff Deutsche Bank National Trust Company, as Trustee, for the WaMu Mortgage Pass-Through Certificates, Series 2005-AR9 (plaintiff or Deutsche Bank) and denying defendants' cross-motion to dismiss; a November 17, 2017 order denying defendants' motion to fix the amount due; and a November 21, 2017 final judgment of foreclosure.[1]

On this appeal, defendants present the following points of argument:

> Point 1 – The Trial Court erred in its ruling that the Statutes of Limitations had not [run] against Plaintiff's enforcement claims on the Note and Mortgage.

---

[1] The notice of appeal also listed an April 1, 2016 discovery order. However, defendants waived their appeal of that order when they failed to brief the discovery issue.

A-2044-17T3

> Point 2 – The Trial Court erred, and abused its discretion concluding plaintiff had standing to maintain the foreclose action.
>
> Point 3 – The Trial Court erred and abused its discretion concluding Plaintiff demonstrated with evidence the amount due is accurate.

We review the trial court's summary judgment order, and its legal conclusions, de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010). However, we review for abuse of discretion the trial court's decision as to the admissibility of evidence on a summary judgment motion. Id. at 383-84.

After reviewing the record with those standards in mind, we conclude that defendants' arguments are without merit and were appropriately rejected for the reasons stated by the trial court. Except as briefly addressed below, the arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

In 2005, defendants borrowed $1,190,000, secured by a note and a mortgage in favor of Washington Mutual Bank, FA (WAMU). After WAMU went into receivership, the Federal Deposit Insurance Corporation sold WAMU's loans and other assets to JPMorgan Chase (Chase). Defendants defaulted on the mortgage in 2009. Chase assigned the mortgage to plaintiff

Deutsche Bank, and the assignment was recorded on June 15, 2015. Plaintiff filed a foreclosure complaint on September 8, 2015.

Plaintiff filed a summary judgment motion in 2016, supported by a certification of Paige Bushnell, an employee of the company that serviced the mortgage for plaintiff. Bushnell certified, based on her review of plaintiff's records, that plaintiff was the holder of the original note and mortgage, through a chain of assignments. The note, mortgage, and assignment documents were attached as exhibits to the certification. We find no abuse of the trial court's discretion in treating Bushnell's certification and the attached exhibits as legally competent evidence. Plaintiffs did not introduce any legally competent evidence to the contrary. Based on the undisputed evidence, plaintiff had standing to file the foreclosure action. See N.J.S.A. 46:18-13(b)(1); Residential Mort. Loan Trust v. Morgan Stanley Mort. Cap., Inc., __ N.J. Super. __, __ (2018) (slip op. at 6-8).

We likewise find no error in the trial court's decision to accept a certification from an employee of plaintiff's mortgage servicing company, attesting to the amount due. The record reflects that plaintiff agreed with another mortgage holder, Santander Bank, that only half the debt defendants owed plaintiff on this mortgage would have priority. As a result, plaintiff asked

4

the court in this action to set the amount due at $534,000, instead of the full amount of the mortgage, plus interest, fees, and costs. A calculation of the latter amounts was attached to the certification. Defendants did not present any specific calculations of their own to challenge the amount due.

Finally, defendants' statute of limitations argument evinces a misunderstanding of the applicable law concerning mortgage foreclosures. The statute of limitations for a mortgage foreclosure action is controlled by the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-56.1. See Deutsche Bank Trust Co. Americas, as Trustee for Residential Accredit Loans, Inc. v. Weiner, 456 N.J. Super. 546, 547 (App. Div. 2018). Under the statute, plaintiff was required to file the action within six years after "the maturity date set forth in the mortgage," which was February 1, 2035; twenty years from the date of defendant's default; or thirty-six years from the date on which the mortgage was recorded. N.J.S.A. 2A:50-56.1(a) to (c). Contrary to defendants' argument, declaring the due date accelerated on account of their default did not change the "maturity date set forth in the mortgage" for purposes of the six-year time limit set forth in N.J.S.A. 2A:50-56.1(a). See Deutsche Bank, 456 N.J. Super. at 548-49.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5