**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0507-17T4

HSBC BANK USA, NA AS
TRUSTEE FOR THE BENEFIT
OF BCAP LLC TRUST 2007-AA5,

    Plaintiff-Respondent,

v.

SIMON ZAROUR,

    Defendant-Appellant,

and

MRS. SIMON ZAROUR, his wife,
LYNX ASSET, and FRANKS GMC
TRUCK CENTER,

    Defendants.

_____

        Submitted September 12, 2019 – Decided September 23, 2019

        Before Judges Nugent and Suter.

        On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-003569-15.

Simon Zarour, appellant pro se.

Sandelands Eyet LLP, attorneys for respondent (Suzanne Q. Chamberlin, of counsel and on the brief).

PER CURIAM

Defendant Simon Zarour appeals an August 18, 2017 order that denied his motion to vacate a final judgment of foreclosure, cancel the sheriff's sale, and dismiss the complaint. He claims the note and mortgage were void, the assignment of the mortgage to plaintiff was invalid, and the complaint was filed beyond the applicable statute of limitations. We affirm the trial court's order that applied a twenty-year statute of limitations and rejected defendant's claim the mortgage documents were invalid.

On May 21, 2007, defendant executed a $675,000 promissory note in favor of Franklin First Financial, LTD (Franklin First). As security for payment of the note, defendant executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Franklin First on a property located in Fair Lawn. Defendant defaulted on the loan in August 2008, and has not made payments since then.

In December 2008, MERS, as nominee for Franklin First, assigned the mortgage to plaintiff HSBC Bank U.S.A., N.A., as trustee for the benefit of BCAP, LLC trust 2007-AA5, and plaintiff recorded it shortly after. County

2

records show there was an assignment from Bank of America to Nationstar Mortgage LLC in 2013.

After a Notice of Intention to Foreclose was sent to defendant, who did not cure the default, plaintiff filed a foreclosure complaint on January 29, 2015. Defendant's contesting answer and counterclaim were stricken on September 24, 2015, when the trial court granted summary judgment to plaintiff. The court found plaintiff had standing to foreclose because it "provide[d] a copy of the [n]ote endorsed in blank, giving rise to a presumption of possession of the [n]ote" and that either possession of the note or the assignment was sufficient for plaintiff to have standing to foreclose. The trial court found that defendant did "not deny the terms of the [n]ote." It rejected defendant's argument the complaint was barred by a six-year statute of limitations, finding instead that a twenty-year limitation applied under N.J.S.A. 2A:50-56.1(c). The court held that plaintiff established its right to foreclose. The matter then was returned to the Office of Foreclosure as uncontested.[1]

Defendant's motion for reconsideration was denied on March 17, 2017. The trial court again rejected defendant's statute of limitations argument.

---

[1] When plaintiff filed a motion for entry of a final judgment, defendant objected to the amount due. This objection was resolved against defendant by the trial court.

A-0507-17T4

Relying on the plain language of N.J.S.A. 2A:50-56.1(c), the court concluded plaintiff had until August 1, 2028, to file for foreclosure because this was twenty years after the default on August 1, 2008. The final judgment of foreclosure was entered thereafter on April 4, 2017, in the amount $1,227,233.55.

Defendant filed a motion to vacate the final judgment, cancel the sheriff's sale, and dismiss the complaint. In denying this motion on August 18, 2017, the trial court relied on the orders from September 24, 2015, and March 17, 2017, that upheld the validity of the note, mortgage and assignment, and that applied the twenty-year statute of limitations.

On appeal, defendant argues the trial court erred and abused its discretion by denying his motion to vacate the final judgment. He contends the court erred by concluding the statute of limitations had not run against plaintiff's enforcement claims on the note and mortgage.

A decision to vacate a judgment or order lies within the sound discretion of the trial court, guided by principles of equity. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). We will reverse the trial court's decision on a motion to vacate where there is an abuse of discretion. Ibid. An "abuse of discretion only arises on demonstration of 'manifest error or injustice.'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572

A-0507-17T4

(2005)). It occurs when the "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182-83 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Whether a cause of action is barred by a statute of limitations is a legal question subject to our de novo review. See Estate of Hainthaler v. Zurich Commercial Ins., 387 N.J. Super. 318, 325 (App. Div. 2006) (citations omitted). In Deutsche Bank Tr. Co. v. Weiner, we recently held the twenty-year statute of limitations under N.J.S.A. 2A:50-56.1(c) [2] applied when a mortgagor has defaulted, and the default has not been cured. 456 N.J. Super. 546, 548-49 (App. Div. 2018). In that foreclosure case, the defendants argued the six-year statute of limitations under N.J.S.A. 2A:50-56.1(a) "was triggered . . . when their default triggered the loan's acceleration." Id. at 548. We disagreed with that

---

[2] This section was amended effective April 29, 2019, to provide a six-year statute of limitations. L. 2019, c. 67 § 1.

interpretation, holding that section (c) "specifically provide[d] a time frame to be considered upon an uncured default."  Id. at 549.

Defendant is wrong that N.J.S.A. 12A:3-118(a) barred plaintiff's complaint.  Under that statute, "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."  N.J.S.A. 12A:3-118(a).  In this case, plaintiff was not enforcing the note; it was foreclosing on the mortgage, making N.J.S.A. 12A:3-118 inapplicable.

Defendant cites to a letter dated June 18, 2007, addressed to him from Franklin First to support his argument the May 21, 2007 mortgage documents were void.  The letter stated: "during a recent post-closing audit it was determined that you signed and [sic] incorrect note and rider to the mortgage." The letter instructed he should sign certain enclosed documents and "send back in enclosed . . . envelop[e]."

We are satisfied the trial court was correct not to void the foreclosure judgment on the basis of this scant record.  Defendant did not provide copies of the referenced documents nor did he claim he signed another note or mortgage. The letter listed two properties, including the Fair Lawn property.  Defendant

A-0507-17T4

continued to make payments on the May 21, 2007 note and mortgage until he defaulted in August 2008. All of this indicated the only note and mortgage was from May 2007.

The purported assignment in 2013 from Bank of America to Nationstar was plainly in error because there was no assignment into Bank of America and thus, it had no ability to assign the mortgage out to Nationstar.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0507-17T4