NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0042-23

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR CMALT REMIC SERIES
2006-A7-REMIC PASS
THROUGH CERTIFICATES,
SERIES 2006-A7,

      Plaintiff-Respondent,

v.

ABRAHAM S. HEYMAN and
GEULA HEYMAN,

      Defendants-Appellants/
      Third-Party Plaintiffs,

v.

CENLAR, FSB,

      Third-Party Defendant/
      Respondent.

_____

Submitted March 31, 2025 – Decided August 25, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-020244-19.

Abraham S. Heyman and Geula Heyman, appellants pro se.

Pluese, Becker & Saltzman, LLC, attorneys for respondents (Stuart H. West, on the brief).

PER CURIAM

Challenging the final judgment entered against them and other previously-issued orders, defendants Abraham S. Heyman and Geula Heyman contend, among other things, this foreclosure case was barred by the statute of limitations, other preclusionary doctrines, and plaintiff's alleged lack of standing. Because defendants' arguments are legally without merit, we affirm.

The record reveals defendant Abraham S. Heyman borrowed $435,000 from GFI Mortgage Bankers in 2006 and executed in GFI's favor a note that required monthly payments. At the same time, defendants executed a mortgage to secure the note's repayment. The mortgage immediately was assigned to CitiMortgage. It ultimately was assigned to plaintiff in 2014. The mortgage and assignments were duly executed and recorded. Despite a loan modification executed by defendants that reduced the monthly payment, defendants failed to make a scheduled October 2013 payment and all later monthly payments.

A-0042-23

Plaintiff commenced this foreclosure action in December 2019. The parties eventually cross-moved for summary judgment. The trial court granted plaintiff's motion and denied defendants' motion in October 7, 2022 orders. It denied defendants' reconsideration motion in a November 4, 2022 order. The court granted plaintiff's subsequent motion for final judgment on August 25, 2023. Defendants appeal from those orders and judgment.

On appeal, defendants contend the trial court erred by not finding the case time-barred under N.J.S.A. 2A:50-56.1(a), N.J.S.A. 12A:3-118(a), or N.J.S.A. 2A:14-1. This case involves a residential mortgage foreclosure. Thus, neither N.J.S.A. 12A:3-118(a), which addresses commercial transactions, nor N.J.S.A. 2A:14-1, which addresses trespass and other tortious injuries to real and personal property, applies. N.J.S.A. 2A:50-56.1 is the statute that addresses residential foreclosures. See Deutsche Bank Trust Co. Americas as Tr. for Residential Accredit Loans, Inc. v. Weiner, 456 N.J. Super. 546, 547-49 (App. Div. 2018) (describing the history of N.J.S.A. 2A:50-56.1 and applying it to a residential mortgage foreclosure).

The statute of limitations in effect when defendants executed the mortgage was twenty years. Id. at 547; see also Chepovetsky v. Civello, 472 N.J. Super. 631, 654 n.8 (App. Div. 2022), certif. denied, 259 N.J. 366 (2024). In 2009, the

3

Legislature enacted N.J.S.A. 2A:50-56.1, declaring a residential foreclosure action could not be commenced after the earliest of:

> • Six years from "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a);
>
> • Thirty-six years from the date the mortgage was recorded or, if not recorded, from the date of execution, N.J.S.A. 2A:50-56.1(b); and
>
> • Twenty years from the date of a default that "has not been cured," N.J.S.A. 2A:50-56.1(c).
>
> [Weiner, 456 N.J. Super. at 547 (quoting N.J.S.A. 2A:50-56.1 (2009)) (footnote omitted).]

In 2019, the Legislature amended N.J.S.A. 2A:50-56.1, changing the timeframe in subsection (c) from twenty years to six years. L. 2019, c. 67, § 1. Defendants rely on the amended version of the statute. However, in enacting the amendment, the Legislature expressly provided the amendment would be effective on April 29, 2019, and would "apply to residential mortgages executed on or after the effective date." L. 2019, c. 67, § 2; see Maia v. IEW Constr. Grp., 257 N.J. 330, 350 (2024) (when determining whether a statute applies retroactively, courts consider whether the Legislature "explicitly or implicitly expresse[d] an intent" as to retroactivity). Defendants executed the mortgage at

4

issue in this case in 2006, well before the effective date of the amendment. Consequently, the 2019 amended version of the statute does not apply.

The three events described in the original version of the statute were scheduled to occur in 2042 (six years after the 2036 maturity date), 2042 (thirty-six years after the recording of the mortgage), and 2033 (twenty years from defendants' uncured default). Thus, this lawsuit is not time-barred under either the timeframes set forth in the original version of the statute or the statute of limitations recognized by courts before the enactment of N.J.S.A. 2A:50-56.1. See Weiner, 456 N.J. Super. at 549 n.5 (court assumes original version of N.J.S.A. 2A:50-56.1 applied in foreclosure case involving a 2005 mortgage but acknowledges result would be the same if "the pre-statute twenty-year time-bar" applied).

Defendants contend the trial court erred in not finding this lawsuit was barred by various preclusionary doctrines, including the entire controversy doctrine, collateral estoppel, and res judicata. Defendants base that argument on a lawsuit they filed in the United States District Court in 2014: Heyman v. CitiMortgage, Inc., No. 14-1680-KM-MAH. Defendants did not include in their appellate appendix a copy of the complaint or amended complaint they filed in that matter. In its decision granting Citi's summary-judgment motion, the

5

District Court described the case as defendants "essentially alleg[ing] that Citi 'misled' them into a loan modification under [the Home Affordable Modification Plan (HAMP)] and offered a modification that 'did not comply or conform with HAMP guidelines and material promises made by [Citi.]'" Heyman v. CitiMortgage, Inc., No. 14-1680-KM-MAH, 2019 WL 2642655, *15 (D.N.J. June 27, 2019) (last alteration in original). On that record, we see no basis to conclude the court misapplied the law or abused its discretion in finding the preclusionary doctrines cited by defendants did not bar this foreclosure action. See Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 178 (App. Div. 2024) (applying de novo review to questions of law regarding preclusionary doctrine and abuse-of-discretion standard to equitable considerations in whether to apply the doctrine); see also id. at 178-79 (describing scope of the entire controversy doctrine); Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 172-73 (App. Div. 2000) (identifying what a party must show to demonstrate collateral estoppel and res judicata).

Defendants argue the trial court erred in finding plaintiff had standing to bring this lawsuit. In moving for summary judgment, plaintiff provided undisputed evidence it was in possession of the note, the mortgage had been assigned to it before it filed the complaint in this lawsuit, and the mortgage

assignments had been duly executed and recorded. Thus, plaintiff established it had standing. See Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing"); see also Weiner, 456 N.J. Super. at 548 n.4 (rejecting defendants' lack-of-standing argument when plaintiff demonstrated possession of the note and existence of duly executed and recorded mortgage assignments).

We find insufficient merit in defendants' remaining arguments to warrant further discussion in a written opinion. See R. 2:11-3(e)(1)(E).

For all of these reasons, we affirm the October 7, 2022 summary-judgment orders, the November 4, 2022 order denying defendants' reconsideration motion, and the August 25, 2023 final judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7