**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0324-24

LOUIS CIVELLO, JR.,

     Plaintiff-Respondent,

v.

VADIM CHEPOVETSKY and
SVETLANA NASHTATIK,

     Defendants-Appellants,

and

JULIA MAIZLIK and
SIMIO & JONES LLP,

     Defendants-Respondents,

and

PLATINUM CREDIT
RESOURCES LLC, NII A.
OKYNE, STATE OF NEW
JERSEY, LTD ACQUISITIONS,
LLC, PAYMENTECH, LP, d/b/a
CHASE PAYMENTECH,
and HEATHER M. BRITO,

     Defendants.

Argued November 19, 2025 – Decided January 20, 2026

Before Judges Paganelli, Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-004193-23.

Deborah L. Morford argued the cause for appellants (Jardim, Meisner, Salmon Sprague & Susser, PC, attorneys; Kenneth L. Winters, on the briefs).

Jeffrey S. Mandel (Law Offices of Jeffrey S. Mandel, LLC) argued the cause for respondent Louis Civello, Jr.

PER CURIAM

Defendants Vadim Chepovetsky and Svetlana Nashtatik appeal from a July 23, 2024 Chancery Division order and a September 27 final judgment entered in favor of plaintiff Louis Civello, Jr., after a plenary hearing.[1] Based on our de novo review of the record and prevailing law, we affirm.

I.

We detailed the salient facts giving rise to this appeal in two prior decisions: Chepovetsky v. Civello (Chepovetsky I), 472 N.J. Super. 631 (App.

---

[1] The notice of appeal also references a March 4, 2024 order. Because Chepovetsky and Nashtatik's merits briefs do not address the basis for their appeal of that order, we consider the argument waived. See State v. Huang, 461 N.J. Super. 119, 125 (App. Div. 2018).

Div. 2022) and Chepovetsky v. Civello (Chepovetsky II), No. A-2153-22 (App. Div. July 3, 2024).  We incorporate the facts set forth in Chepovetsky I and Chepovetsky II in full by reference and recount only the facts material to our determination of this appeal.

In 2007, Artem Boguslavskiy purchased an automobile dealership from Civello who agreed to finance a portion of the sales price.  Chepovetsky I, 472 N.J. Super. at 638.  Boguslavskiy executed a promissory note (the Note), agreeing to repay Civello $184,000 plus 2.5 percent interest in sixty equal monthly installments followed by a balloon payment due on February 22, 2012. Ibid.  The Note was secured by a mortgage on real property located in Old Bridge (the Mortgage) and Chepovetsky's personal guaranty.  Ibid.

After remitting four installment payments in 2007, Boguslavskiy defaulted on the Note.  Ibid.  In 2019, Chepovetsky and Nashtatik filed suit against Civello, seeking to quiet title on the mortgaged property and requesting a declaratory judgment barring Civello from pursuing any claims against them under the Mortgage, the Note, and Chepovetsky's personal guaranty.  Chepovetsky I, 472 N.J. Super. at 640.  Chepovetsky and Nashtatik alleged any suit filed by Civello would be untimely because the six-year statute of limitations had expired.  Ibid.  Civello filed a counterclaim for foreclosure

against the mortgaged property.  Ibid.  Chepovetsky and Nashtatik answered the counterclaim by denying the substantive allegations without asserting any affirmative defenses.  Ibid.  Their complaint was later dismissed with prejudice for failure to provide discovery.  Id. at 641.

After a bench trial on Civello's counterclaim, judgment was entered against Chepovetsky on the personal guaranty.  Id. at 642.  The judge vacated the dismissal of Chepovetsky and Nashtatik's complaint, finding they were not required to provide discovery because of a bankruptcy stay entered pursuant to a 2011 joint voluntary Chapter 7 bankruptcy.  Id. at 644.  The judge dismissed Civello's monetary judgment against Chepovetsky on the counterclaim based on the bankruptcy discharge.  Id. at 645-46.  The judge also dismissed Civello's counterclaim on the mortgage, finding it was filed more than six years after the February 22, 2012, maturity date in contravention of the statute of limitations under N.J.S.A. 2A:50-56.1.  Ibid.[2]

---

[2]  Under N.J.S.A. 2A:50-56.1, as amended, a cause of action for foreclosure on a residential mortgage accrues after the earliest of the following:  (1) six years from the mortgage's maturity date or last scheduled payment day; (2) thirty-six years from the date the mortgage was recorded or executed (unless the mortgage term exceeds thirty years); or (3) six years from the date of an uncured default. The prior common-law limitation was twenty-years from the date of default. See Deutsche Bank Trust Co. Americas as Tr. for Residential Accredit Loans, Inc. v. Weiner, 456 N.J. Super. 546, 547 (App. Div. 2018).

A-0324-24

After granting Civello leave to appeal, in Chepovetsky I we affirmed the dismissal of Civello's counterclaim for a monetary judgment based on the bankruptcy discharge. 472 N.J. Super. at 648-52. We also determined the bankruptcy discharge did not preclude Civello from seeking to foreclose on the Mortgage or obtaining a judgment fixing the amount of the Mortgage lien. Id. at 652-53. We vacated the order dismissing Civello's foreclosure counterclaim because we concluded it was not time-barred under the applicable statute of limitations set forth in N.J.S.A. 2A:50-56.1. Id. at 653-54.

We specified that on remand the parties could litigate whether the amendment to N.J.S.A. 2A:50-56.1 was retroactive. Ibid. On remand, the judge found the amendment to the statute of limitations was not retroactive and entered final judgment in favor of Civello. Chepovetsky II, slip op. at 6. We affirmed the entry of the judgment. Id. at 19.

On April 5, 2023, Civello filed a complaint against Chepovetsky and Nashtatik, seeking to foreclose on the mortgaged property. Civello later moved for summary judgment. In opposition, Chepovetsky and Nashtatik again asserted the amended statute of limitations contained at N.J.S.A. 2A:50-56.1 barred Civello's foreclosure claim. They also argued for the first time that

Nashtatik's signature on the Mortgage was forged and that a plenary hearing should be held on the issue

On March 4, 2024, the judge granted Civello's summary judgment motion rejecting defendants' argument that a plenary hearing was necessary to adjudicate their forgery defense. The judge found the forgery defense was precluded by the entire controversy doctrine because Chepovetsky and Nashtatik had consistently relied on the validity of the Mortgage in the prior proceedings without alleging forgery. The judge also recognized that Nashtatik was referenced as a "mortgagor and not a guarantor" in Chepovetsky I.

Chepovetsky and Nashtatik moved for reconsideration of the March 4 order. Finding they had raised the forgery issue in their discovery responses, the judge partially granted the motion and scheduled the plenary hearing Chepovetsky and Nashtatik requested. The judge reasoned it would be "unfair" to deny them the opportunity to be heard on the forgery defense because they had raised the issue in their discovery responses.

Our review of the plenary hearing transcript reveals that neither counsel for Chepovetsky nor Nashtatik objected to having the judge decide the merits of their forgery defense. Nor did they object to which party bore the burden of proof at the plenary hearing.

6

Chepovetsky and Nashtatik's counsel called Civello and his own clients to testify at the hearing. Civello testified that Chepovetsky and Nashtatik walked with him to a Century 21 real estate office where all three signed the Mortgage before a notary public (the Notary).

Chepovetsky testified he did not sign the Mortgage before the Notary but, rather, signed it at a diner without Nashtatik present. Chepovetsky claimed Nashtatik never signed the Mortgage.

Nashtatik asserted she could not remember the reason she had admitted signing the Mortgage in prior litigation but stated she had consistently denied signing the Mortgage in this case. Nashtatik testified she did not go with Civello and Chepovetsky to the Notary's office. She testified generally about the variations of her signature, stating she sometimes writes her full name and other times uses a shorter variation.

After the hearing concluded, the judge issued an oral decision rejecting the forgery defense and entered a July 23, 2024 order granting Civello's summary judgment motion. The judge made thorough and detailed credibility findings as to each of the testifying parties. The judge found Civello credible based on the level of detail he provided as to Nashtatik's signing of the

7

Mortgage. Conversely, the judge found Chepovetsky's and Nashtatik's testimony lacked credibility.

The judge determined Chepovetsky and Nashtatik failed to meet their burden by presenting clear and convincing evidence Nashtatik's signature on the Mortgage was forged and offered only "conclusory and self-serving" assertions that were inconsistent with the evidence presented. On September 27, 2024, judgment was entered in favor of Civello, which set the mortgage lien amount at $1,666,541.28, and ordered a sheriff's sale of the property. This appeal followed.

II.

We review the judge's factual findings and legal determinations at the conclusion of a plenary hearing under well-settled standards. "Reviewing appellate courts should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 483-84 (1974)). "[W]e defer to the trial court's credibility determinations, because it '"hears the case, sees and observes the

witnesses, and hears them testify," affording it "a better perspective than a reviewing court in evaluating the veracity of a witness."'" City Council of Orange Twp. v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The judge's grant of summary judgment post-plenary hearing is reviewed de novo, applying the same legal standard as the trial court, Birmingham v. Travelers New Jersey Insurance Co., 475 N.J. Super. 246, 255 (App. Div. 2023), to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

III.

A.

9

Chepovetsky and Nashtatik renew their argument that the amended statute of limitations contained at N.J.S.A. 2A:50-56.1 bars Civello's foreclosure complaint. We are convinced this issue is barred from re-litigation based on the law of the case and collateral estoppel.

Both the law of the case and collateral estoppel are doctrines guided by the "fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to re-litigation between the same parties either in the same or in subsequent litigation." State v. K.P.S., 221 N.J. 266, 277 (2015) (emphasis omitted) (quoting Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985)). Collateral estoppel bars re-litigation of an issue previously adjudicated where:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.
>
> [Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (quoting Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006)).]

"The law of the case doctrine is a principle establishing that an unreversed decision of a question of law or fact made during the course of litigation 'settles

10

that question for all subsequent stages of the suit.'" N.J. Div. of Youth & Fam. Servs. v. J.D., 417 N.J. Super. 1, 22 (App. Div. 2010) (quoting State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974)).

The law of the case and collateral estoppel doctrines bar Chepovetsky and Nashtatik's assertion that Civello's foreclosure action is precluded by the statute of limitations under N.J.S.A. 2A:50-56.1. In Chepovetsky II, we concluded the 2009 and 2019 amendments to N.J.S.A. 2A:50-56.1 do not bar Civello from seeking a judgment of foreclosure on the Mortgage. Because we decided the statute of limitations issue in prior decisions involving the same parties, we decline to revisit it.

B.

We discern no error with the July 23, 2024 order granting summary judgment in favor of Civello and the September 27, final judgment which were predicated on the plenary hearing evidence the judge found to be credible.

Under well-established New Jersey law, a notarized signature is presumed valid. N.J.S.A. 2A:82-17; see Invs. Bank v. Torres, 457 N.J. Super. 53, 63 (App. Div. 2018) ("The affidavit, signed by the . . . representative before a notary public, was proved prima facie genuine; that is the only requirement to establish authenticity under . . . N.J.S.A. 2A:82-17."). "But to establish its falsity and

11

overcome the strong presumption of its integrity the proof must be clear, satisfactory, and convincing." Dencer v. Erb, 142 N.J. Eq. 422, 426 (Ch. 1948) (citing Potter v. Steer, 95 N.J. Eq. 102, 122 (Ch. 1923)).

Because Nashtatik's signature on the Mortgage was notarized it is presumed valid. Chepovetsky and Nashtatik failed to proffer any credible evidence at the plenary hearing to support their assertion that Nashtatik's signature was forged. Further, Chepovetsky and Nashtatik's arguments, raised for the first time on appeal—that Nashtatik's signature is invalid because the Notary failed to list the county where the document was signed and the copy submitted does not bear a notary seal—are unsupported by any statutory or decisional law. Further, we decline to consider issues raised for the first time on appeal. See Huang 461 N.J. Super. at 125.

We are also unpersuaded that the burden of proving the validity of Nashtatik's signature on the Mortgage rested on Civello. N.J.S.A. 12A:3-308(a) provides:

> In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer

A-0324-24

and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.

[N.J.S.A. 12A:3-308(a).]

Neither Chepovetsky nor Nashtatik denied that Nashtatik signed the Mortgage in the pleadings filed in prior litigation or in this case, as would be required to shift the burden of proving the validity of the Mortgage to Civello under N.J.S.A. 12A:3-308(a). On the contrary, they both admitted Nashtatik had signed the Mortgage without raising forgery as an affirmative defense. Even if the general denial of Nashtatik's signature in subsequent discovery responses in this litigation were to be found sufficient to shift the burden of proving the signature's validity to Civello, Chepovetsky and Nashtatik failed to provide sufficient evidence at the plenary hearing to overcome the statutory presumption that the notarized signature is valid. See Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 86 (App. Div. 2001) (determining the party seeking to invalidate a notarized signature must provide evidence of the invalidity and "reliance on conclusory statements does not constitute such a 'sufficient showing'").

The judge made detailed credibility findings to support the conclusion that Civello, Chepovetsky, and Nashtatik signed the Mortgage in the presence of the Notary and that the notarized signature was not forged. We are satisfied the judge's factual findings are supported by substantial evidence and see no reason

13

to disturb the judge's legal conclusions based on credibility determinations, which are amply supported by the plenary hearing record. See Griepenburg 220 N.J. at 254.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0324-24