**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2532-24

WELLS FARGO, N.A.,

      Plaintiff-Respondent,

v.

LINDA HOFFMAN and
MR. HOFFMAN, husband
of LINDA HOFFMAN,

      Defendants-Appellants,

and

 MIDLAND FUNDING, LLC,

      Defendant.

_____

        Submitted April 27, 2026 – Decided May 15, 2026

        Before Judges Natali and Bergman.

        On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County Court, Docket No. F-011226-23.

        Linda Hoffman, self-represented appellant.

Reed Smith LLP, attorneys for respondent (Aaron M. Bender, of counsel and on the brief).

PER CURIAM

Defendant Linda Hoffman appeals from the Chancery Division's March 14, 2025 order denying her motion to (1) deem plaintiff's residential foreclosure action time-barred and from enforcing the note or the accelerated mortgage and (2) stay a sheriff's sale pursuant to N.J.S.A. 2A:17-36. We reject all of defendant's arguments and affirm.

Over twenty years ago, in May 2004, defendant executed a $100,000 note with Wachovia Bank, National Association, secured by a non-purchase money mortgage on her property in Edison with a maturity date of May 19, 2044. After Wells Fargo acquired Wachovia in 2010, it became the holder of defendant's note and mortgage. On April 16, 2015, defendant defaulted on the note and mortgage by failing to make the required installment payment, and Wells Fargo filed a foreclosure complaint on September 26, 2023. After defendant's contesting answer was dismissed, the court entered final judgment for Wells Fargo on May 20, 2024.

A sheriff's sale was promptly scheduled for August 28, 2024. After using her first statutory adjournment under N.J.S.A. 2A:17-36, the sale was postponed until September 25, 2024, upon which defendant utilized her second permitted

adjournment request.  The sale was accordingly rescheduled for November 6, 2024, and again to January 8, 2025, after Wells Fargo used its own statutory adjournments.

On January 8, 2025, defendant filed an emergent application for a stay of the sheriff's sale.  The court granted her request that same day, stayed the sale, and rescheduled it for approximately two months later.  Specifically, the court's order stated the stay would "automatically expire at 6:00 p.m. on March 8, 2025, unless further extended but only with the [Wells Fargo's] confirmed written consent," and without its consent, "the Sheriff's Sale will be re-scheduled for March 19, 2025."[1]  The order also provided:

> No other applications for a stay shall be permitted to [defendant], nor, if made shall any such application be entertained by the Court without [Wells Fargo's] prior, confirmed written consent.

On February 14, 2025, defendant, however, filed another application to stay the properly noticed sheriff's sale and principally argued Wells Fargo right to foreclosure was time-barred under N.J.S.A. 2A:50-56.1 because it did not file its complaint within six years of her default.  The court denied defendant's

---

[1] On March 19, 2025, the date of the rescheduled sale, defendant filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the District of New Jersey.  The Bankruptcy Court ultimately dismissed the petition on October 30, 2025.

3

application in a March 14, 2025 order, and explained its decision in a five-page comprehensive statement of reasons appended to the order.

The court first explained defendant's application was procedurally deficient based on her failure to obtain written consent from Wells Fargo as required by the explicit terms of its January 8, 2025 order. The court found defendant's failure to adhere to its order "speak[s] volumes as to the plethora of reasons for the denial" and concluded her motion "should be denied outright for that violation."

The court nevertheless addressed defendant's arguments substantively and concluded her principal argument that Wells Fargo's foreclosure complaint was time-barred under N.J.S.A. 2A:50-56.1 was "completely without legal or factual merit." It found defendant never timely raised such a claim throughout the course of the litigation and even if she had, Wells Fargo's foreclosure complaint was not time-barred under N.J.S.A. 2A:50-56.1.

The court found the facts, which were "undisputed and indisputable," established that defendant's mortgage was executed on May 20, 2004 and duly recorded on June 30, 2004.[2] The court found defendant defaulted on her

---

[2] The record indicates defendant executed another mortgage against the property on May 19, 2005, of which she appears to have also defaulted, and for which a sheriff's sale was postponed for several years.

mortgage on April 16, 2015, after which she failed to make the installment payment due that day and all subsequent payments.

The court explained, under New Jersey law, "a twenty-year [statute of limitations] applied to all pre-2009 mortgages" and accordingly found Wells Fargo's claim had not expired because defendant's default date was only eight years and five months prior to Wells Fargo filing its foreclosure complaint, "well within the [twenty]-year limitations period." The court explained N.J.S.A. 2A:50-56.1 was enacted in 2009 to include a "six, thirty-six, and twenty-year [statute of limitations] depending on the event giving rise to accrual of a [residential mortgage] claim" but applied only to mortgages entered into after the law's enactment, based on its legislative history and our precedent. It similarly observed that the 2019 amendments to the statute, which further shortened the statute of limitations for certain foreclosures, expressly applied prospectively, and defendant's mortgage "was originated prior to the [2019] amendment to the statute, and thus was and is subject to the prior twenty-year statute of limitations thereby rendering the [c]omplaint . . . well within the [twenty]-year period." The court also found various preclusionary doctrines supported denial of her application.

A-2532-24

Before us, defendant reprises the same arguments she made before the court. Specifically, she maintains Wells Fargo's foreclosure complaint is time-barred because her default date is more than six years from the date that Wells Fargo filed its foreclosure complaint and N.J.S.A. 2A:50-56.1 establishes that Wells Fargo only had a six-year statute of limitations to file its complaint. Accordingly, she contends the court's decision "clearly departed from well-established policies and warrant reversal . . . in the interest of justice for abuse of discretion." Further, she contends the court "failed to provide adequate findings of fact" to support its decision.

We review a decision to grant a stay for abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 469 (App. Div. 2016); Avila v. Retailers & Mfrs. Distrib., 355 N.J. Super. 350, 354 (App. Div. 2002). We do not "second-guess a trial judge's sound exercise of discretion because we recognize '[j]udicial discretion connotes conscientious judgment, not arbitrary action; it takes into account the law and the particular circumstances of the case before the court.'" Reese v. Weis, 430 N.J. Super. 552, 572 (App. Div. 2013) (quoting Higgins v. Polk, 14 N.J. 490, 493 (1954)).

A trial court abuses its discretion when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested

on an impermissible basis." Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463-64 (App. Div. 2023) (quoting Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018)). "When examining a trial court's exercise of discretionary authority, [a reviewing court] reverse[s] only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Preliminary injunctive relief is appropriate when the moving party establishes: (1) a reasonable probability of success on the merits; (2) irreparable harm; (3) a showing that, on balance, the harm to the moving party is greater than the harm to the party to be restrained; and (4) the public interest will not be harmed. Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982); see also Garden State Equal. v. Dow, 216 N.J. 314, 320-21 (2013) (further elaborating the factors required to support preliminary injunctive relief).

We review de novo, however, questions of law such as interpretation of our court Rules. DiFiore v. Pezic, 254 N.J. 212, 228 (2023). Further, "a trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell &

Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Prior to the enactment of N.J.S.A. 2A:50-56.1, New Jersey did not have a statute of limitations for residential foreclosures, and instead, our courts "applied the time-bar used in adverse possession actions:  twenty years." Deutsche Bank Trust Co. Americas as Tr. for Residential Accredit Loans, Inc. v. Weiner, 456 N.J. Super. 546, 547-49 (App. Div. 2018) (citing Security National Partners L.P. v. Mahler, 336 N.J. Super. 101, 106-07 (App. Div. 2000)). In 2009, the Legislature enacted N.J.S.A. 2A:50-56.1, which codified in part Mahler and declared a residential foreclosure action could not be commenced after the earliest of:  (1) six years from "the date fixed for the making of the last payment or the maturity date set forth in the mortgage or the note," N.J.S.A. 2A:50-56.1(a); (2) thirty-six years from the date the mortgage was recorded or, if not recorded, from the date of execution, N.J.S.A. 2A:50-56.1(b); or (3) twenty years from the date of a default that "has not been cured," N.J.S.A. 2A:50-56.1(c).  See also Weiner, 456 N.J. Super. at 547 (quoting N.J.S.A. 2A:50-56.1 (2009) and describing its history); Chepovetsky v. Civello, 472 N.J. Super. 631, 654 n.8 (App. Div. 2022), certif. denied, 259 N.J. 366 (2024).

A-2532-24

In 2019, ten years after its enactment, the Legislature amended N.J.S.A. 2A:50-56.1, changing the timeframe in subsection (c) from twenty years to six years. L. 2019, c. 67, § 1. In enacting the amendment, the Legislature expressly provided it would be effective on April 29, 2019, and would "apply to residential mortgages executed on or after the effective date." L. 2019, c. 67, § 2; see Maia v. IEW Constr. Grp., 257 N.J. 330, 350 (2024) (when determining whether a statute applies retroactively, courts consider whether the Legislature "explicitly or implicitly expresse[d] an intent" as to retroactivity).

As primarily relied upon by the court, the statute of limitations in effect when defendant executed her 2004 mortgage, before the 2009 enactment or 2019 amendment, was twenty years. We are convinced the court correctly applied the law to the undisputed facts, and on this basis, we reject defendant's argument that the six-year statute of limitations applies to her mortgage. We further reject any notion or argument that the 2019 amendment applies to defendant's mortgage, as defendant executed the mortgage in 2004 and defaulted in 2015, well before the effective date of the 2019 amendment. Consequently, as concluded by the court, the 2019 amended version of the statute does not apply.

We are further satisfied Wells Fargo's 2023 complaint was not time-barred under any of the timeframes set forth in the 2009 version of the statute and

9

accordingly reject defendant's argument to the extent she contends the 2009 version would deem the complaint time-barred. N.J.S.A. 2A:50-56.1; see Weiner, 456 N.J. Super. at 549 n.5 (court assumes original version of N.J.S.A. 2A:50-56.1 applied in foreclosure case involving a 2005 mortgage but acknowledges result would be the same if "the pre-statute twenty-year time-bar" applied). The three events described in the 2009 version of the statute, as applied to the 2004 mortgage, were scheduled to occur in 2050 (six years after the 2044 maturity date), 2040 (thirty-six years after the 2004 recording of the mortgage), and 2035 (twenty years from defendants' uncured default in 2016).

Next, Rule 4:65-2 requires "notice of the [sheriff's] sale . . . be posted in the office of the sheriff of the county . . . where the property is located, and also, in the case of real property, on the premises to be sold . . . ." In addition, "at least [ten] days prior to the date set for sale, [the party obtaining the order or writ shall] serve a notice of sale by registered or certified mail, return receipt requested," on "every party who has appeared" and the "owner of record." Ibid. A party objecting to a sheriff's sale must have a valid basis for the objection, such as "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citations omitted).

To the extent defendant argues the court abused its discretion in denying a further stay of the foreclosure sale, we disagree. The record reflects, and defendant expressly acknowledges, Wells Fargo served her with the notice of the sheriff's sale via "regular and certified mail" on August 1, 2023 in accordance with Rule 4:65-2. We are further satisfied that not a single Crowe factor supports her application for injunctive relief. Defendant failed to appeal the 2024 final judgment of foreclosure, benefited from multiple stays of sheriff sale's on the property since, and continues to reside there without making any payments since her default more than a decade ago.

Finally, we reject defendant's argument that the court failed to adequately provide findings of fact and conclusions of law pursuant to Rule 1:7-4, in light of its detailed factual and legal findings in its comprehensive five-page order and decision. We conclude this argument, and any other argument made by defendant that we have not specifically addressed, are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2532-24